SHANNON, Judge.
The court below, on petition of appel-lees for final judgment, entered what is designated as a “summary final judgment” on the 24th day of October, 1957; the judgment was in fact a final judgment on the merits, and the petitioner filed an appeal herein from that order. The case came on to be heard on the appellees’ motion to affirm judgment and quash appeal.
The records show that on the 14th day of March, 1956, the appellees filed a request for admission of facts, to which the appellant filed, on April 12, 1956, a certain document which, after setting forth why he cannot truthfully answer certain *14 questions in the request, then proceeds to answer certain other questions, and, as attorney for the appellant, signs the document, but not under oath.
The court below, in entering final judgment, held that the appellant had failed to comply with the provisions of Rule 1.3’0, 30 F.S.A., and also, held that having failed to comply with the rule, the admissions that were requested were, thus, answered.
There is one question which must be considered in this court and that is, whether, in a hearing before the court below, the appellees waived the question of the document being executed by the attorney and without oath. The court below held that the question, as to the request, was thus admitted and, being thus admitted, was sufficient to form the basis for the final judgment. At a prior time the court below held that the appellant had made out a prima facie case but, in so doing, no question was raised relevant to the request for admissions and the appellant’s response thereto. So, in final essence, the question before us is whether or not the appellees, in not raising this question, in the final instance, did not thereby waive it.
There is no stipulation of record allowing an attorney to sign the answer to the request for admissions nor, apparently, was anything ever said or done about the answer until the very decision, from which appeal is being taken and so, it has not been made to appear that the appellees waived it.
In regard to the effect of this situation, in a case from the Fifth Circuit in Woods v. Robb, 171 F.2d 539, 541, the court has this to say:
“(3) The judge in his findings held the request was apparently abandoned by plaintiff and that he later sought to take the interrogatories of the defendant which were themselves after-wards withdrawn. The interrogatories were intended to establish the same facts as the request admissions. We do not think their filing constituted an abandonment of the request. The Rules of Procedure give the right to seek discovery by both methods; a party does not have to elect one or the other, and may if he wishes pursue either or both. Rules 33 and 36.
“(4, 5) Robb, long after the time limited by Rule 36 and in answer to the motion for summary judgment filed two sworn excuses for not having answered the request for admissions, one that he was too ill during the period for answer and the other that he did not have to answer anyhow, because he could not in a penalty suit he required to testify against himself. He did not ask for an enlargement of the time for answer, nor offer presently to answer. We think the illness ceased to be an excuse on its cessation. He was present in court at the trial. Nor was this such a suit as the second excuse would fit. The suit involves only civil sanctions, imposed as deterrents rather than punishments. Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917; United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Crary v. Porter, 8 Cir., 157 F.2d 410; Amato v. Porter, 10 Cir., 157 F.2d 719; Kessler v. Fleming, 9 Cir., 163 F.2d 464. Admissions if made could not have been used against him in any other proceeding. Rule 36(b).”
The question of the effect, in the failing to answer the request for admissions properly, was the main point in the case of United States v. Kellert, D.C., 101 F.Supp. 698, 699, where the court says this:
“ (2,3) Plaintiff may prevail on its motion for summary judgment only if its request for admissions stands admitted by the defendant. As to this, Rule 36(a) of the Federal Rules provides that ‘Each of the matters of *15 ■which an admission is requested shall he deemed admitted’ unless the party to whom the request is addressed serves on the requesting party either (1) a denial or averment of lack of knowledge or (2) ‘written objections * * *, together with a notice of hearing the objections at the earliest practicable time.’ Defendant’s motion to dismiss plaintiff’s request for admissions must be construed as a memorandum of objections within the second alternative in 36(a). As such it fails to meet the requirements of the Rule because it was not accompanied by a notice of hearing. At no time in the intervening year did the defendant attempt to obtain a hearing on his motion. The objections are of no effect, therefore, and defendant must be deemed to have admitted all the matters on which plaintiff requested admissions. Defendant concedes that these requests for admissions cov■er all of plaintiff’s case. No issue of fact remaining, plaintiff is entitled to •summary judgment.”
There is an excellent discussion of the -effect of failure to properly answer the •request for admissions in Beasley v. United States, D.C., 81 F.Supp. 518, 527, which says in part:
“In the discussion of this rule at the Institute on Federal Rules held in Cleveland, Ohio, in July 1938, Professor Sunderland, a member of the Advisory Committee of the Supreme Court discussed this rule and pointed ■out its terms and in connection therewith he states:
“ ‘The usual statute or rule on ad-missions requires affirmative action to ■constitute the admission, but under this rule affirmative action is required to .avoid the admission. There must be, •therefore, a sworn statement specifi■cally denying the facts which the oth■er party requests should be admitted •or the admissions will be deemed to "have taken place. * * * ’ ”
In view of the fact that the Federal Rule is almost identical with the State Rule, the decisions of the Federal Courts are clearly in point, and so, having held that the trial court was not in error in holding the way it did, it becomes manifest from the record that other questions raised on appeal are without substantial merit and need no further argument;
It is, accordingly, ordered, adjudged and decreed that the motion to affirm the judgment appealed from, be and the same is hereby granted, and the judgment is
Affirmed.
KANNER, C. J., and ALLEN, J., concur.