267 So.2d 325 (1972)
Joseph D. FARISH, Jr., Petitioner,
v.
LUM'S, INC., a Florida Corporation, a/k/a Lum's, Respondent.
No. 41544.
Supreme Court of Florida.
September 27, 1972.
Rehearing Denied November 3, 1972.
*326 Joseph D. Farish, Jr., of Farish & Farish, West Palm Beach, for petitioner.
Joe N. Unger and Smith, Mandler, Smith & Parker, Miami Beach, for respondent.
PER CURIAM.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 251 So.2d 338. The decision sought to be reviewed conflicts with Wider v. Carraway, 101 So.2d 13 (Fla.App.2d 1958), giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.
Petitioner, plaintiff below, brought suit to recover $5,000.00 paid to respondent, defendant below, pursuant to a contract between the parties. Answer was filed to the complaint and thereafter plaintiff, on May 28, 1970, served a Request for Admissions. Defendant's answers to Request for Admission mailed June 18, 1970, some twenty-one days later, was signed by defendant's attorney rather than by defendant and was not sworn to.
On receipt of defendant's unsigned, unsworn response, plaintiff moved, on September 3, 1970, for summary judgment, relying on Rule 1.370, Florida Rules of Civil Procedure, 30 F.S.A., which provides in pertinent part as follows:
"After commencement of an action a party may serve upon any other party a written request for the admission by the latter of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth in the request. * * * Each of the matters of which an admission is requested shall be deemed admitted unless within a period designated in the request not less than twenty days after service thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part together with a notice of hearing the objections at the earliest practicable time. * * *" (e.s.)
Thereafter, on September 28, 1970, prior to the hearing on summary judgment, defendant filed a motion for an order permitting filing of responses to the Request for Admissions, "on the ground that the `Answers to Request for Admissions' heretofore filed in this cause were inadvertently prepared not in conformance with the Rules of Civil Procedure, to-wit: they were unsworn and not signed by a party... ." Attached to the motion were properly executed answers to the Request for Admissions.
The trial court denied the motion and granted summary final judgment for plaintiff. On October 15, 1970, motion for rehearing, motion to vacate the judgment under Rule 1.540(b), Florida Rules of Civil Procedure, 31 F.S.A.,[1] and accompanying affidavit of defendant's attorney were filed. *327 Atter consideration by the trial court these motions were denied.
On appeal the District Court reversed and remanded to permit filing of properly executed answers, holding:[2]
"The trial court granted the summary judgment based on that part of Rule 1.370(a), R.C.P., which provides that `each of the matters of which an admission is requested shall be deemed admitted unless' the party timely serves a sworn statement properly signed. The trial court judge obviously was of the opinion that these `admissions' required him to enter the summary judgment.
"In our opinion this violates the spirit and intent of the Florida Rules of Civil Procedures.
"Lum's attempted to comply with the rules prior to the entry of the summary judgment. The invocation of the rule here operated more in the nature of a penalty upon the defendant than as an end to the orderly and expedient trial of the material issues.
"We conclude that the trial judge abused his discretion in not vacating the summary final judgment which was entered as a result of inadvertence and in failing to permit Lum's to file properly executed answers to the request for admissions. * * *"
In Wider v. Carraway, supra, the District Court of Appeal, Second District, affirmed the trial court's grant of summary judgment based on appellant's failure to file a signed and sworn response to Request for Admissions. In that case, as in this, the attorney, rather than the party, signed the response and it was unsworn. The responding party did not move before judgment, as did defendant in the instant case, to correct its error. However, neither was the party submitting the request for admissions in the Carraway case, as prompt and specific in raising the question[3] as plaintiff in the instant case. In both cases the trial court exercised its discretion in refusing to excuse noncompliance with Rule 1.370. The trial court's decision in Carraway was affirmed on appeal. A contrary result was reached in the decision herein sought to be reviewed.
The decision of the District Court in the instant case requires the trial court to excuse noncompliance with Rule 1.370 on a base allegation of inadvertence. The Court's discretion in the matter is eliminated. It is this holding of the District Court, rather than the trial court's decision, which does violence to the "spirit of the Rules."
For a discussion of the application of judicial discretion, see Winter Park Arms, Inc., v. Akerman, 199 So.2d 107 (Fla.App. 4th, 1967), wherein the court stated:
"In considering the exercise of discretion courts must recognize that litigants may not properly be allowed with impunity to disregard the process of the court; and, indeed, it would be an abuse of discretion to vacate a judgment where the moving party shows no legal ground therefor and offers no excuse for his own negligence or default."
The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision excusing, or *328 refusing to excuse, noncompliance with rules, such as Rule 1.370, must be affirmed.
The record before us is devoid of any facts that would require the trial court to excuse defendant's failure to comply with Rule 1.370. It cannot be held that, as a matter of law, inadvertence is sufficient to excuse compliance  it may be in some instances, but in other instances, not. It is the duty of the trial court, and not the appellate courts, to make that determination.
Accordingly, the decision sought to be reviewed is quashed and the cause remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, C.J., and CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., and RAWLS, District Court Judge, dissent.
NOTES
[1] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * *"
[2] 251 So.2d 338, 340 (Fla.App.3rd 1971).
[3] Wider v. Carraway, 101 So.2d 13, 14 (Fla.App.2d 1958): "At a prior time the court below held that the appellant had made out a prima facie case but, in so doing, no question was raised relevant to the request for admissions and the appellant's response thereto. So, in final essence, the question before us is whether or not the appellees, in not raising this question, in the final instance, did not thereby waive it."