BOYER, Chief Judge.
In appealing the order of the Circuit Court directing a verdict in favor of appel-lee, appellant raises the following question: Must a response to a request for admission made pursuant to Rule 1.370, RCP, be signed and sworn to by the responding party, or is the unsworn signature of the responding party’s attorney sufficient ?
The record indicates that prior to trial, appellant, plaintiff below, served two requests for admission.[1] In response to those requests, appellee filed two separate responses which, except for one minor admission, denied all the requests. The responses were signed by appellee’s attorney of record and were unsworn. At trial, appellant began its case by claiming that the responses signed by appellee’s attorney were nullities and that, therefore, the admissions were all admitted because of appellant’s non-compliance with Rule 1.370. After the trial court ruled adversely to that contention, appellant rested its case whereupon the trial court directed a verdict for appellee.
In support of his position that a party (as distinguished from the attorney for the party) must sign his responses to requests for admission, appellant cites Wider v. Carraway, Fla.App. 2nd 1958, 101 So.2d 13, as being directly on point. However, the Wider decision was based on Rule 1.30 of the 1954 Rules of Civil Procedure which is substantially different from the present rule relating to admissions. Former Rule 1.30 specifically provided that a response to a request for admission be signed and sworn to by the party.[2] The primary rea *241 son for requiring the party to sign the response lies in the further requirement that the party swear to his responses. Obviously, only the party himself by his own signature could swear to his statements.
The new rule concerning admissions eliminates the swearing requirement, and, by implication, eliminates the necessity of the party’s signature. Rule 1.370, RCP, provides, in pertinent part:
“Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow
Our conclusion is buttressed by the provisions of Rule 1.030, RCP. Section (a) of that rule permits every pleading and other paper of a party represented by an attorney to be signed by the party’s attorney. Section (a) additionally removes the requirement that pleadings be verified or accompanied by affidavit, unless specifically provided otherwise by rule or statute.
Consistency also militates against appellant’s position. Appellant’s primary argument is that since the rule requires the response to requests for admission to be signed by the party, then a response signed by the party’s attorney is a nullity. If the foregoing argument is accepted, then every request for admission must also be signed by the party rather than the party’s attorney. In referring to both requests for admission and responses thereto, Rule 1.370 uses identical language: “A party may serve upon any other party a written request for the admission of the truth of any matters . . “The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . .” Both of appellant’s requests for admission were signed not by him, but by his attorney. By his own logic, the two requests should be declared nullities. Fortunately, we decline to accept appellant’s argument, which would lead to absurd results.
Finally, we note a potential practical ramification of our holding. We recognize that an attorney who has propounded requests for admission, the answers to which have been signed by the responding party’s attorney rather than the party, might be apprehensive that at trial the responding party may attempt to recede from the admissions which his attorney has signed. Such a situation would raise ethical considerations which should receive appropriate treatment from the trial court, including, but not necessarily limited to, referral of the matter to the Professional Ethics Committee of the Florida Bar. Since we are not here faced with such ethical considerations we do not address same.
For the reasons expressed above, the decision of the trial court is
Affirmed.
RAWLS and SMITH, TT., concur.

. Although appellant cited Rule 1.470, RCP in his requests for admission, it is clear to us as it was to the parties and the trial court that appellant intended to refer to Rule 1.370, RCP.

. Rule 1.30, RCP (1954) provides, in pertinent part: “Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after serv-iee thereof or within such shorter or longer time as the court may allow on motion and notice, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections . . .”