362 So.2d 1037 (1978)
Bill LOVE, Appellant,
v.
ALLIS-CHALMERS CORPORATION, W.D. Equipment Rentals & Sales, Inc., a Florida Corporation, Richard Dowds, W.M. Perine and Wilma Perine, Appellees.
No. 77-852.
District Court of Appeal of Florida, Fourth District.
October 4, 1978.
*1038 Irby G. Pugh of Barco & Pugh, Orlando, for appellant.
Robert D. Melton, Orlando, for appellees.
DOWNEY, Chief Judge.
Appellee, Allis-Chalmers, the holder of a judgment dated November 19, 1975, against W.M. Perine and others, obtained a writ of execution and had the sheriff levy upon a machine known as a front-end loader found in the possession of Perine. Appellant, Bill Love, filed a suit for replevin claiming ownership and right to possession of the loader; the suit was dismissed. On May 7, 1976, Love attempted unsuccessfully to intervene in the original litigation giving rise to the judgment in question. Also on May 7, 1976, Love filed a motion for stay of execution, incorporating three affidavits which will be discussed hereinafter. On May 13, 1976, Love then sought relief in the Federal District Court seeking to enjoin a sale pursuant to the levy, and asserting the unconstitutionality of Section 56.16, Florida Statutes (1975). When Love's application for temporary injunction was denied he posted a bond on May 15, 1976, as required by Section 56.16, Florida Statutes (1975), and a proposed sheriff's sale was prevented.
On May 10, 1976, appellee took Love's oral deposition and on May 17, 1976, Love was served with interrogatories, a request for admissions and a request to produce. When Love did not respond to either the interrogatories or the request to produce appellee obtained an order compelling discovery. Love also did not timely answer the request for admissions, but did file sworn answers on September 3, 1976.
On September 16, 1976, appellee moved for summary judgment relying primarily on Love's failure to timely answer the request for admissions which left the matters admitted on the record.
On November 2, 1976, Love requested leave to amend the answers to the requests for admissions. Without ruling on that motion on December 13, 1976, the trial court entered summary judgment in favor of appellee. Love moved for a rehearing attaching three additional affidavits which stated the loader was owned by Love. The motion for rehearing was denied and this appeal ensued.
This record is replete with evidence that there was a genuine issue of fact as to the ownership of the front-end loader, and an issue of fact as to appellee's right to sell the loader to satisfy its judgment. The problem involved is trying to sort out what evidence was appropriate for consideration by the trial court on the motion for summary judgment. The parties have devoted a good portion of their briefs to a discussion of the evidence attached to the motion for rehearing but we do not find it necessary to reach the problems involved in that phase of the case. In our opinion the record before the trial court was such that the order granting summary judgment should not have been entered; the record reflected a genuine issue of fact.
When the trial court considered the motion for summary judgment, the record contained Love's deposition, Love's answers to interrogatories, Love's sworn response to the request to produce, and the affidavits of Love, Perine and Strong, which were attached to the motion for stay of execution. In sum, those pleadings, depositions, etc., showed that Love claimed he had been the owner of the loader for over a year; Bill Lovell bought it from Allis-Chalmers for Love; Love had been paying Lovell for the loader during all that period of time; Bill Perine, the judgment debtor, had no interest in the loader and was using it at the time of levy with Love's consent. One of the Affidavits referred to is that of Hope Strong, a lawyer, who also corroborated the foregoing facts.
*1039 In the face of that proof in the record, appellee relied solely upon Love's admissions which resulted from his untimely answers to the request therefor. It seems pertinent that at the time appellee filed its request for admissions appellant's deposition in which he claimed ownership of the loader was already of record as were the aforementioned affidavits of Strong, Perine and Love. Additionally, even as to the request for admissions there were untimely sworn answers which contradicted the technical admissions, and furthermore Love had a pending motion to amend the response to the request for admissions.
In this state of the record we are convinced that justice precluded the trial judge from entering summary judgment for appellee and thus the entry of that order constituted an abuse of discretion. The case of Old Equity Life Insurance Company v. Suggs, 263 So.2d 280 (Fla.2nd DCA 1972), and Pleasant Hill Bank v. United States, 60 F.R.D. 1 (W.D.Mo. 1973), are good explications of the spirit of the rule involved here and support our conclusion.
We have no difficulty in distinguishing Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972). There the trial court exercised his discretion to enter summary judgment because the defendant had not properly answered the request for admissions and had shown no valid reason for the improper response. The trial judge in Farish did not have a record replete with evidence that the technical admission was contrary to the true facts, which facts were reflected in the record when the request for admissions was filed. In addition, the rule involved[1] has been liberalized since Farish to allow the rectification of an improper response to a request for admissions by allowing withdrawals or amendment "when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." It might be argued that this amendment to the rule does not include a failure to answer but only applies to insufficient answers or improperly filed answers. We hold that it also applies in the situation here where no answers were timely filed, but the record is replete with evidence contradicting the technical admissions arising out of the unanswered requests for admissions.
Accordingly, we reverse the judgment appealed from and remand the cause with directions to vacate the order granting summary judgment, allow appellant to file his sworn answers to the request for admissions, and for further proceedings consistent with this opinion.
REVERSED AND REMANDED with directions.
LETTS, J., concurs.
CROSS, J., concurs only in conclusion.
NOTES
[1] Fla.R.Civ.P. 1.370(b).