413 So.2d 450 (1982)
MELODY TOURS, INC., M & M Services, Inc., Mixson, Mitchem & Company, Inc., Mixson & Mitchem Omniglobals, C.A. Mitchem and John B. Mixson, III, Appellants,
v.
GRANVILLE MARKET LETTER, INC., Appellee.
No. 81-310.
District Court of Appeal of Florida, Fifth District.
May 5, 1982.
John B. Liebman and J. Gary Walker of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellants.
Richard W. Hennings of Cauthen, Robuck & Hennings, Tavares, for appellee.
COWART, Judge.
This case involves the right of a litigant to avoid admissions resulting from failure to timely answer a request for admissions served under Florida Rule of Civil Procedure 1.370.
Appellants' counsel inadvertently neglected to timely file answers to requests for admissions, which admissions covered all of the factual allegations of the appellee's complaint. Appellants responded to the requests for admissions 77 days late. Appellants moved for permission to file a belated response to the requests for admissions; appellee moved for summary judgment based on the admissions. The trial court ruled *451 that in determining whether a belated response to requests for admissions should be permitted the standard should be the same as in setting aside a default judgment and that, mere inadvertence being insufficient for the latter, it was insufficient for the former. Accordingly, the trial court denied appellants an opportunity to avoid the effect of the admissions and relied on the admissions to enter the summary judgment against appellants which is the subject of this appeal.
There is sound logic in the trial judge's reasoning analogizing the legal problem of granting relief from the result of a failure to timely answer a request for admissions with the similar legal problem of granting relief from a default which was the result of a failure to timely answer a complaint. The trial judge's reasoning would be compelling in this case but for the fact that the law seems to have developed in another, more liberal, direction.
The trial court's holding is in accordance with Farish v. Lum's, Inc., 267 So.2d 325 (Fla. 1972), in which the Florida Supreme Court held that noncompliance with rule 1.370 could not be excused "on a base allegation of inadvertence." Farish, 267 So.2d at 327. However, all of present section (b) of rule 1.370, authorizing courts to permit withdrawal or amendment of answers to requests for admissions when that action will serve the presentation of the merits and the party who obtained the admissions fails to satisfy the court that such withdrawal or amendment will prejudice him in maintaining his action or defense on its merits, was added after Farish, effective January 1, 1973.[1] Accordingly, in light of this rule amendment, Farish is of doubtful applicability as authority. See Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA), cert. dismissed, 366 So.2d 879 (Fla. 1978).
Since appellants' counsel did not intend to admit the facts in question, the withdrawal of their technical admissions would, of course, serve to facilitate the presentation of the case on its evidentiary merits. Appellants' response to the requests for admissions, while very late, was made before the pleadings were closed, before the entry of a pre-trial order and before any trial date had been set. Appellee presented no other matter in an attempt to satisfy the trial court that a withdrawal of the technical admissions would prejudice it in maintaining its action on its merits. Accordingly, following Love, we reverse the summary judgment and remand the cause with directions to allow appellants to file their sworn answers to the requests for admissions and for further proceedings.
REVERSED and remanded.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] See In re Rules of Civil Procedure, 265 So.2d 21, 36-37 (Fla. 1972).