## GREENE v KWAL & OLIVA, P.A., etc.

Case No. 86-371 AP (County Court Case No. 86-937CC05)

Eleventh Judicial Circuit, Appellate Division, Dade County

July 14,1987

### APPEARANCES OF COUNSEL

**Robert N. Reynolds** for appellant.

**Peter A. Cohan** for appellee.

Before TENDRICH, SHAPIRO, KORNBLUM, JJ.

### OPINION OF THE COURT

SIDNEY SHAPIRO, Judge.

Appellant, VIVIAN GREENE, appeals from a Summary Judgment

in favor of Appellee, KWAL & OLIVA, P.A. For the reasons set forth herein, we reverse.

Appellee sued Appellant seeking recovery for professional account services on the basis of quantum meruit, open account and account stated. On June 18, 1986, Appellee served Appellant with Requests for Admissions. Thereafter, Appellee moved for Summary Judgment setting the hearing for August 28, 1986. On August 22, 1986, Appellant's newly retained counsel filed a Motion in opposition to Summary Judgment and a Motion to Withdraw Admissions, both of which included supporting Affidavits. The trial Court granted Summary Judgment for the sole reason that Appellee's Request for Admissions were deemed admitted by operation of Rule 1.370, Fla.R.Civ.P.

Appellant raises three points in support of her position. She first contends that the lower court erred in shifting the burden of proof to the party moving to withdraw the admissions. She next contends that the court erred in denying her request to amend the affidavit in support of her motion to withdraw admissions. Finally, Appellant contends that the lower court erred in granting Appellee's summary judgment based on the technical operation of Rule 1.370 Fla.R.Civ.P. when the request for admissions had been answered six days late and no showing had been made that it would be prejudiced by proceeding on the merits.

Appellee contends that the party moving to withdraw admissions must make a showing of excusable neglect. We disagree. In *Melody Tours, Inc. v. Granville Market Letter, Inc.*, 413 So.2d 450 (Fla. 5th DCA 1982), the Court held that the party opposing a Motion to withdraw admissions and a Motion to allow untimely Answers to Request for Admissions has the burden of showing that granting the motions would prejudice his case. Similarly, under Rule 1.370(b), the Court, in its discretion, may permit the withdrawal of admissions when the merits of a case warrant such action and when the party opposing the Motion to withdraw admissions has not shown that he will be prejudiced. Appellee has made no such showing.

Based on the foregoing, we conclude that the trial Court committed a gross abuse of discretion in refusing to allow the filing of answers to the Request for Admissions and in granting Summary Judgment in favor of Appellee. Accordingly, the Summary Judgment is vacated and the matter remanded to the lower court with instructions to allow the filing of the response to Request for Admissions. Cross-Appellant's Request for Attorney's Fees is moot.

Tendrich and Kornblum, JJ., concur.