PER CURIAM.
We dismiss the appeal upon the following analysis.
The trial court entered a partial final judgment dissolving the parties’ marriage, indicating that a final hearing would be held at a subsequent time, and reserving jurisdiction over all issues. The subsequently entered order dated May 26, 1989, approving a report of the general master, does not contain sufficient indicia of finality to constitute a final judgment. It is an interlocutory order entered pursuant to the order of reference to general master, which conferred jurisdiction on the general master to entertain matters pertaining to temporary relief.
The May 26,1989 order approving report of general master accomplished a change in the husband’s temporary child support obligation and therefore was an appealable non-final order pursuant to Rule 9.130(a)(3)(C)(iii). However, when treated under Rule 9.130, the interlocutory appeal is untimely. That is so because the notice of appeal was not filed until after denial of the husband’s motion for rehearing, which occurred more than thirty days after rendition of the May 26, 1989 order. Because the motion for rehearing was not an authorized motion which suspends rendition, see Fla.R.App.P. 9.020(g) & 9.130, the notice of appeal is untimely with respect to the May 26, 1989 order.
The trial court does, of course, have jurisdiction to reconsider its interlocutory orders prior to final judgment. Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983). However, if the motion for rehearing is instead treated as a motion for reconsideration, see Francisco v. Victoria Marine Shipping, 486 So.2d 1386, 1388-89 n. 2 (Fla. 3d DCA), review denied, 494 So.2d 1153 (Fla.1986), the motion was denied. It is the original order of May 26, 1989 which determined the right to immediate monetary relief or child custody in a domestic relations matter, see Fla.R.App.P. 9.130(a)-(3)(C)(iii), not the order denying rehearing or reconsideration.* We are therefore *1174 without jurisdiction to entertain the appeal as an interlocutory appeal. Review will, of course, be available to the husband on appeal from the final judgment in the case.
Appeal dismissed.

 A different issue would be presented if the motion had been granted and the order granting the motion effected an immediate modification of the child support or custody obligation.