OWEN, WILLIAM C., Jr., Senior Judge.
Appellant, Michael Maguía, suffered an adverse summary judgment in this suit for legal malpractice arising out of appellees’ alleged negligence in a medical malpractice action. The summary judgment against Michael Maguía was founded upon his apparent failure to respond to request for admission’s which asked him to admit that the appellees had not been negligent in the medical malpractice action and that neither Michael nor his father, Steve Maguía, had been damaged by any alleged malpractice on the part of the appellees. We reverse.
This legal malpractice action was filed by Steve Maguía, a non-lawyer, naming himself and his son, Michael, as plaintiffs. Michael was an adult but there was evidence in the record that he was incompetent. At the time the summary judgment was entered against Michael there had been no guardian or guardian ad litem appointed for him.[1] All papers filed in this case on behalf of the plaintiffs were signed only by Michael’s father and all papers filed by the defendants were served only on Michael’s father. Thus, when the appellees served upon the plaintiffs a request to admit (1) that the appellees had not been negligent in the medical malpractice action, and (2) that neither Steve nor Michael Maguía had been damaged by any alleged malpractice, the request, though addressed to both plaintiffs, was served only on Steve. The plain *250 tiffs’ timely response denying the request for admissions was signed only by Steve. More than thirty days after the request for admissions had been served the appellees moved for and obtained a court order determining that the requested admissions were deemed admitted by Michael because he had failed to respond to the request for admissions either by himself or through an attorney licensed to practice law in the state of Florida. On the basis of that order the appellees moved for and obtained the summary judgment against Michael.
Even if it were to be said that technically Michael had admitted the request by his failure to respond,[2] the summary judgment should, nonetheless, be reversed on the basis of the decisions in Sterling v. City of West Palm Beach, 595 So.2d 284 (Fla. 4th DCA 1992) and Sher v. Liberty Mut. Ins. Co., 557 So.2d 638 (Fla. 3d DCA 1990), since the record is replete with numerous documents filed by Steve Maguía on behalf of himself and his son asserting the negligence of the appellees and the consequent injury to each of the named plaintiffs.
The summary judgment against Michael Maguía is reversed and this cause remanded for further proceedings.
GLICKSTEIN, C.J., and WARNER, J., concur.

. A guardian ad litem now has been appointed.

. It would seem elemental that if the request for admission was not served on Michael, no response was due from him. Appellees apparently take the position that they can effectively serve Michael by serving his non-lawyer father. That seems inconsistent with their position that since Steve is a non-lawyer he may not respond on behalf of Michael.