REVISED OPINION
JORGENSON, Judge.
The opinion filed December 7, 1993, is hereby withdrawn and the following opinion is substituted in its place.
Robert Gordon petitions for a Writ of Common Law Certiorari. For the following reasons, we grant the petition as to Florida East Coast Properties [FECP] and quash the order under review as it relates to FECP. We deny Gordon’s petition as it relates to Tibor Hollo.
On August 17, 1993, this court affirmed a Final Judgment of Foreclosure in the litigation between Gordon and FECP.[1] Gordon v. Flamingo Holding Partnership, 624 So.2d 294 (Fla. 3d DCA 1993) (rehearing and rehearing en banc denied Oct. 26, 1993). The opinion affirmed the judgment of foreclosure and the imposition of an equitable lien in Gordon’s favor arising from the impairment of his collateral. On September 14,1993, the successor judge entered an order vacating an Order of Partial Summary Judgment entered in this cause by the predecessor judge on November 4, 1991. Gordon seeks review of the September 14, 1993 order.
The trial court acted in excess of its jurisdiction as to FECP when it revisited an interlocutory order entered prior to the foreclosure judgment that was affirmed by this court. “Common law certiorari is the proper vehicle to review whether the lower court acted in excess of its jurisdiction.” Hudson v. Hoffman, 471 So.2d 117, 118 (Fla. 2d DCA), rev. denied, 480 So.2d 1294 (Fla. 1985).[2] After the entry of final judgment, a successor judge may not set aside interlocutory orders entered by a predecessor judge. Tingle v. Dade County Bd. of County Comm’rs, 245 So.2d 76 (Fla.1971). Notwithstanding FECP’s arguments to the contrary, the Final Judgment of Foreclosure that this court affirmed was a final judgment as it relates to FECP and the issues raised and adjudicated in the foreclosure proceeding. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974) (test employed to determine finality of order is whether order constitutes an end to judicial labor in cause and “nothing further remains to be done by the court to effectuate a termination of the cause as be *565 tween the parties directly affected”); Symon-Ryals Group, Inc. v. Citizens & Southern Mortgage Co., 334 So.2d 144 (Fla. 1st DCA 1976); cf. Harris v. P.S. Mortgage & Investment Corp., 558 So.2d 430, 431 (Fla. 3d DCA 1990) (foreclosure order would become final order upon trial court’s ruling on defendant’s counterclaim; dismissal of prior appeal of foreclosure order did not constitute law of the case where manifest injustice would result from adhering to prior ruling). The Final Judgment of Foreclosure which this court affirmed contained findings that specifically rejected the very claims that FECP seeks to revisit in the trial court. The matters addressed in the November 4,1991 Partial Summary Judgment predated, and were subsumed by the Final Judgment of Foreclosure against FECP that was affirmed by this court.[3]
Moreover, the trial court was without jurisdiction to proceed with matters related to the judgment of foreclosure after appeal was taken from that final judgment. “[Wjhen a case has merged into a final judgment and an appeal has been perfected therefrom ... jurisdiction in the trial court terminates, except as to enforcement of the judgment.” State ex rel. American Home Ins. Co. v. Seay, 355 So.2d 822, 824 (Fla. 4th DCA) (trial court without jurisdiction to proceed with cross-claim while appeal from final judgment pending) (citations omitted), cert. denied, 361 So.2d 835 (Fla.1978); see also Ponzoli v. Hawkesworth, 390 So.2d 784 (Fla. 3d DCA 1980) (trial court without jurisdiction to enter order that had impact of modifying final judgment, while appeal from that final judgment was pending).
However, this court does not have certiorari jurisdiction to review the order of September 14, 1993 as it relates to Tibor Hollo. The foreclosure judgment affirmed by this court was not final as to Hollo in his capacity as individual guarantor. Accordingly, even though the order vacating the prior partial summary judgment may have been entered in error, the trial court did have jurisdiction; any claimed error will be reviewable upon plenary appeal.[4] Certiorari is not available simply to correct an erroneous trial court ruling. See Feldman v. Glucroft, 553 So.2d 282, 284 (Fla. 3d DCA 1989) (“Even if petitioner is correct that error occurred, there is an obvious, adequate remedy by appeal after judgment is entered ... A petitioner for common law certiorari must demonstrate both a departure from the essential requirements of law and the lack of an adequate remedy by appeal after judgment.”).
For all of the foregoing reasons, we grant Gordon’s Petition for Writ of Common Law Certiorari and quash the order under review as it relates to FECP. We deny the petition as it relates to Hollo, and remand for further consistent proceedings.[5]

. Tibor Hollo is the president of FECP, and guaranteed, in his individual capacity, the note and mortgage between Gordon and FECP. Although Hollo was a party in his individual capacity as guarantor and participated fully in the foreclosure proceedings, he was not a party in the prior appeal before this court.

. Gordon's Petition was captioned alternatively as a Petition for Certiorari or Prohibition. Although the trial court was without jurisdiction to revisit the order of November 4, 1991, prohibition cannot "compel the undoing of something already done. It cannot be used to revoke an order already entered.” English v. McCrary, 348 So.2d 293, 297 (Fla.1977).

. In the Final Judgment of Foreclosure which this court affirmed, the trial court specifically ruled that "[E]quity thus precludes FECP and Hollo from raising any defenses to Gordon's efforts to protect his interest in Caribbean by foreclosing his mortgage.”

. Hollo’s counterclaim against Gordon is now circumscribed by the doctrines of res judicata, estoppel by judgment, and law of the case. Findings made by the trial court in the Final Judgment of Foreclosure which this court affirmed are binding on Hollo, who, as guarantor, was a party to the foreclosure proceeding. See Federal Deposit Ins. Corp. v. Hemmerle, 592 So.2d 1110 (Fla. 4th DCA 1991), rev. denied, 601 So.2d 552 (Fla.1992).

.Because we dispose of this matter on certiorari review, we dismiss the companion appeal from the nonfinal order as moot as it relates to FECP. We dismiss the companion appeal as to Hollo; the order is not an appealable nonfinal order.