824 So.2d 248 (2002)
Mahmoud S. MAHMOUD and Mizhar Mahmoud, Appellants,
v.
Henry Clay KING and Mattie King, Appellees.
No. 4D01-1191.
District Court of Appeal of Florida, Fourth District.
July 31, 2002.
Rehearing Denied September 9, 2002.
*249 Richard A. Kupfer of Richard A. Kupfer, P.A., West Palm Beach, for appellants.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, and Scott L. Poisson of Bernstein and Maryanoff, Miami, for appellee Henry Clay King.
FARMER, J.
We reverse a summary judgment and in the process also reverse a determination holding that certain requests for admissions, as to which no response was said to have been served, establish the matters encompassed thereby. We conclude that "the presentation of the merits of the action will be subserved by" relieving defendants of the technical admissions, and that plaintiffs have "fail[ed] to satisfy the court that withdrawal or amendment will prejudice [plaintiffs] in maintaining [their claim] on the merits." We also conclude that the record existing at the time of summary judgment plainly showed an evidentiary conflict as to the question of liability.
Defendants are the owner/operators of a convenience store in what is described as a high-crime area. The Kings sued the Mahmouds for negligence in failing to warn or protect them, as patrons, from a foreseeable risk of harm. Defendants appeared without an attorney and filed their own hand-drawn response to the complaint. They asserted that they "were not liable for any damages" because: (1) they did not see defendant Henry King on the night of the shooting; (2) they did not invite King to conduct "illegal activities" on their property; and (3) "[t]here is no law saying that I [sic-we?] must provide security for gang members, gamblers, and/or drug dealers on my [sic-our?] property. Therefore, Mr. King was wounded due to his own actions." The Kings replied with a pleading denying affirmative defenses.
The case proceeded without the appearance of any counsel for the defendants. Plaintiffs served interrogatories which went unanswered, and the court entered orders compelling answers. Defendant Mahmoud Mahmoud testified that he never received either the interrogatories or the orders and showed that a significant majority of the papers served by plaintiffs' counsel after defendants filed their response to the complaint were never sent to the address shown on their response.
At some point, plaintiffs served defendants with a request for admissions. Later plaintiffs also served a motion for summary judgment, arguing that defendants' failure to respond to the requests for admissions *250 meant that the requests should be deemed admitted under rule 1.370. The trial court granted the motion for summary judgment, deeming the requests admitted, and the case proceeded to trial on damages. At trial, the jury awarded plaintiffs $2 million for past and future non-economic damages. Plaintiffs' only witness was King himself. The Clerk's minutes of the trial show both defendants appeared to defend the claim at trial.
Defendants filed a motion for a new trial, arguing that they should be relieved of the admissions, and thus also the summary judgment, under rule 1.540.[1] At the evidentiary hearing on the motion, defendants called an employee of the Clerk of Court who testified that defendant Mizhar's response to the request for admissions was filed with the court file before the hearing on the motion for partial summary judgment. Mizhar testified that he arranged for someone named "Louie" to hand-deliver the response to the courthouse and that he then mailed a copy to plaintiffs' counsel, who admitted receiving a response to requests numbered 1-8 but not as to numbers 9-10.
Mahmoud testified that he did not receive the request for admissions even though he conceded that the certificate of service shows his correct address. Mahmoud admitted receiving some papers by mail but reviewed a number of papers in the court file ostensibly sent to him and showed that the address stated on the certificates of service was incorrect. He added that he and Mizhar jointly own the property in question and that he relied on Mizhar to provide him with information on the case as he received it. At one point Mizhar told the judge that he and Mahmoud owned the property jointly and that whatever happens to one in this case should happen to other. Plaintiffs' counsel admitted that some of the papers addressed to Mahmoud were sent to the wrong address, saying that the address provided by Mahmoud was illegible and caused him to combine what he conceived were two addresses.
The court denied the post-trial motions. In its written order, the court stated:
"1. Defendant has [sic-defendants have?] not alleged sufficient grounds to warrant granting the Motion for New Trial, Motion for Remittitur, or Motion to Vacate.
"2. This Court is without authority to reconsider the partial summary judgment as a final judgment has been entered in this case. See Kienzle v. Kienzle, 556 So.2d 1173 ([Fla.] 3rd DCA 1990); North Shore Hospital Inc. v. Barber, 143 So.2d 849 (Fla.1962); Gordon v. Hollo, 636 So.2d 563 (Fla. 3rd DCA 1994).
"3. The partial summary judgment may not be reviewed under Rule 1.540. Rule 1.540 `provides for review of final judgments, orders, and decrees only.' Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3rd DCA 1988)." [e.o.]
It is from this order that defendants appeal.
We conclude that the court erred in its decision. Simply stated, we deem it an abuse of discretion to refuse to relieve defendants of the effect of the admissions under the circumstances and that summary judgment should not have been entered *251 where the papers filed by defendants clearly denied liability and alleged instead that (in substance) any injury resulted from plaintiff Henry's own conduct. In Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA 1978), where the circumstances are functionally indistinguishable, Judge Downey explained the construction this district places on rule 1.370 as well as the entry of summary judgment based on a failure to make a timely response to requests for admissions:
"the rule ... has been liberalized ... to allow the rectification of an improper response to a request for admissions by allowing withdrawals or amendment `when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.' It might be argued that this amendment to the rule does not include a failure to answer but only applies to insufficient answers or improperly filed answers. We hold that it also applies in the situation here where no answers were timely filed, but the record is replete with evidence contradicting the technical admissions arising out of the unanswered request for admissions."
362 So.2d at 1039; see also Habib v. Maison Du Vin Francais, Inc., 528 So.2d 553, 553 (Fla. 4th DCA 1988) ("Clearly, the courts have expressed a preference for reaching the merits of a case as evidenced by the holding[ ] in the Love case[ ]."); Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992) ("The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim."); and Magula v. Gossett, 620 So.2d 249 (Fla. 4th DCA 1993) (following Sterling).
The third district has adopted the same construction of the rule and applies an identical policy as regards summary judgment based on the failure to make a timely response to requests for admissions. See Sher v. Liberty Mut. Ins. Co., 557 So.2d 638 (Fla. 3d DCA 1990) ("`the withdrawal of the technical admissions and acceptance of the belated response would serve to facilitate the presentation of the case on its evidentiary merits.' Trial courts are required to look beyond the pleadings to determine the propriety of entering summary judgment. Here, the record is replete with evidence contradicting the admissions created by Sher's failure to file a timely response." [c.o.]); Stembridge v. Mintz, 652 So.2d 444 (Fla. 3d DCA 1995) ("entry of summary judgment based solely on Stembridge's failure to respond to requests for admissions was inappropriate."); Brown v. Travelers Indemnity Co., 755 So.2d 167 (Fla. 3rd DCA 2000) (entry of summary judgment based solely on failure to respond to requests for admissions is inappropriate); and Ruiz v. De Varona, 785 So.2d 508 (Fla. 3d DCA 2000) ("dismissal based solely on the failure to timely answer a request for admissions would be inappropriate when the pleadings make clear the opposing party's position and the existence of disputed facts.").
We stress that there was unrefuted evidence that a timely response had actually been filed by defendant Mizhar and that his response was intended for both defendants. We also note that Mahmoud and Mizhar were sued as the joint owners of the premises; there is no reason to treat them separately for procedural purposes such as the intended response of both as to papers filed during discovery. And as in the cases cited above, the record demonstrated beyond argument at the time summary judgment was entered that defendants had plainly stated that they were not responsible for plaintiff's injuries and that *252 he was allegedly engaged in conduct that made himself responsible.
We understand the plight of the attorney for the plaintiffs in dealing with individual defendants who have chosen to forego representation by counsel. It is difficult in this situation to conduct the discovery procedures laid down in the rules, and preparation for trial is complicated by the absence of a professional advocate to deal with. Nevertheless, the right of individuals to forego the expense of a lawyer and to represent themselves in court is fundamental. While such individuals must be held to the rules of procedure even though they lack an understanding of their meaning and purpose, in this case the proper construction placed by our decisions on the applicable rules did not permit a summary adjudication of the liability issue.
We reverse for consistent proceedings.
WARNER and KLEIN, JJ., concur.
NOTES
[1] See Fla. R. Civ. P. 1.540(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....").