913 So.2d 1179 (2005)
ASSET MANAGEMENT CONSULTANTS OF VIRGINIA, INC., a Virginia corporation, Appellant,
v.
CITY OF TAMARAC, a municipal corporation, Appellee.
No. 4D04-3086.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
Jack R. Reiter and Joelle C. Sharman of Adorno & Yoss, P.A., Miami, for appellant.
E. Bruce Johnson and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
WARNER, J.
We affirm the final summary judgment entered in this case. Appellant, Asset Management Consultants of Virginia, Inc. (AMCI), argues that the court abused its discretion in refusing to permit it to file belated answers to requests for admission, *1180 and summary judgment was entered based upon those "deemed admitted" requests. We find that the court did not abuse its discretion where appellant did not move to file belated answers until after the hearing on the motion for summary judgment.
AMCI filed a complaint against the City of Tamarac (City) challenging the constitutionality of Tamarac, Fla., Ordinance 75-32 (Oct. 9, 1975), which permitted the City to charge an interim general and proprietary service fee (ISF) on all newly improved property within the City that was not exempt from ad valorem taxes and was certified for occupancy. The suit was filed August 15, 2002. An amended complaint was filed in January 2003.
The City filed its second request for admissions on September 2, 2003. The response to those requests would have been due on October 7, 2003. On September 24, 2003, AMCI's counsel moved to withdraw. The court granted the motion on October 28, 2003, staying all proceedings for 30 days.
The City filed a motion for summary judgment on December 9, 2003. Its sole ground for summary judgment was the "deemed admitted" second request for admissions. Hearing on the summary judgment was noticed for April 28, 2004.
AMCI finally obtained substitute counsel who entered an appearance on February 4, 2004. However, counsel did not file a motion for leave to file a response to the City's second request for admissions until the date of the hearing, April 28, 2004, even though it filed a memorandum of law on the City's related motion to dismiss on April 1, 2004. While the motion has a service date of April 27, 2004, it was not filed until after 4:00 p.m. on April 28, after the hearing on the summary judgment. There is no transcript of the summary judgment hearing, so it is unknown whether any mention was made of the motion at the hearing. However, on May 17, 2004, AMCI filed a notice of hearing for May 25, 2004, on its motion for leave to file a response to the City's second request for admissions. Whether the hearing took place on that date or a later date is unknown, but an order denying relief was entered on June 9, 2004. The court subsequently entered summary final judgment against AMCI.
On appeal, AMCI claims that the court abused its discretion under Florida Rule of Civil Procedure 1.370, in denying its motion to file belated responses to the Requests for Admission. Rule 1.370 provides:
(a) Request for Admission. A party may serve upon any other party a written request for the admission of the truth of any matters within the scope of rule 1.280(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . . The matter is admitted unless the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow. . . .
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.
*1181 Although a liberal standard favors allowing amendments to permit disposition on the merits, rather than on technical admissions, see Ramos v. Growing Together, Inc., 672 So.2d 103 (Fla. 4th DCA 1996), even that standard has its limits. Here, given the lack of any diligence in moving to file belated answers until after the City's motion for summary judgment was heard, we cannot conclude that the court abused its discretion.
This case is similar to Singer v. Nationwide Mutual Fire Insurance Co., 512 So.2d 1125 (Fla. 4th DCA 1987). There, the defendant insurance company served requests to admit on the plaintiff, which were not timely answered. Six months later the insurance company moved for summary judgment. Although the plaintiff filed an affidavit in opposition to the motion, no motion was ever made by the plaintiff for relief from the requests for admission, and the trial court granted the summary judgment based upon them. On appeal, the plaintiff contended that material issues of fact existed by virtue of the affidavit. However, because the plaintiff never sought relief from the conclusively established admissions, the court did not err in granting summary judgment.
Although in Singer the party never moved for relief from the admissions, as AMCI ultimately did in this case, the court emphasized the length of time on which the insurance company had relied on the admissions. While decisions on the merits are preferred, there is a point at which the opposing party is prejudiced by a tardy request for relief from admissions. We think this is such a case.
First, there is nothing in this record, as there was in Love v. Allis-Chalmers Corp., 362 So.2d 1037 (Fla. 4th DCA 1978), showing evidence that would contradict the technical admissions, other than the proposed answers filed after the summary judgment hearing. Second, while AMCI suggests that the delay was due to its counsel withdrawing and its difficulty in finding new counsel, this is belied by the record. Prior counsel was not permitted to withdraw until October 28, 2003, and the answers to the request were due on October 7, 2003. New counsel entered his appearance on February 4, well beyond the period of the stay, and the hearing on summary judgment was scheduled on April 28. This period of nearly three months provided AMCI with more than enough time to file a motion prior to the summary judgment hearing. Finally, there are no transcripts from which we might glean some reason why counsel did not file the motion until the date of the hearing on the motion for summary judgment and waited considerable time after the summary judgment hearing to notice the motion for relief for hearing.
In Farish v. Lum's, Inc., 267 So.2d 325 (Fla.1972), the defendant failed to swear to and sign the answers to request for admission. Instead the filing was signed by defendant's attorney. The plaintiff moved for summary judgment, but prior to the hearing the defendant filed a motion for an order permitting the filing of responses on the ground that responses were inadvertently prepared not in conformance with the rules. The trial court denied the motion and granted summary judgment. On appeal, the district court granted relief, concluding that the trial judge had abused his discretion in not vacating the final judgment where the responses to the request for admission were improper as a result of inadvertence. The supreme court quashed the decision of the district court, stating:
The exercise of discretion by a trial judge who sees the parties first-hand and is more fully informed of the situation, is essential to the just and proper *1182 application of procedural rules. In the absence of facts showing an abuse of that discretion, the trial court's decision excusing, or refusing to excuse, noncompliance with rules, such as Rule 1.370, must be affirmed.
The record before us is devoid of any facts that would require the trial court to excuse defendant's failure to comply with Rule 1.370. It cannot be held that, as a matter of law, inadvertence is sufficient to excuse compliance  it may be in some instances, but in other instances, not. It is the duty of the trial court, and not the appellate courts, to make that determination.
Id. at 327-28.
Finding no abuse of the trial court's discretion, we affirm.
KLEIN and TAYLOR, JJ., concur.