IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WELLS FARGO BANK, N.A.,

      Appellant,

v.

CINDY SHELTON and HOWARD SHELTON,

      Appellees.

_____/

Case No.  5D15-3283

Opinion filed July 7, 2017

Appeal from the Circuit Court
for Brevard County,
Charles G. Crawford, Judge.

Sara F. Holladay-Tobias, Emily Y. Rottmann, and C. H. Houston, III, of McGuireWoods LLP, Jacksonville, for Appellant.

Richard S. Shuster and Purvi S. Patel, of Shuster & Saben, LLC, Satellite Beach, for Appellees.

COHEN, C.J.

This appeal stems from the trial court's reluctance to grant relief from technical admissions due to counsel's lack of diligence in pursuing relief. The attorney for Wells Fargo Bank, N.A. ("Wells Fargo") failed to timely respond to the Sheltons' request for admissions.[1] The allegations were then deemed admitted, resulting in the entry of

---

[1] Wells Fargo's current appellate counsel is not the same attorney who represented it at trial.

summary judgment in favor of the Sheltons based on the technical admissions. However, because the pleadings and other record evidence contradicted those admissions and the Sheltons did not demonstrate prejudice, we reverse and remand for further proceedings.

Wells Fargo filed a foreclosure complaint against the Sheltons in 2013. A copy of the note executed by the Sheltons was attached to the complaint, which indicated that Wells Fargo was the original lender on the note. A copy of the mortgage was also attached to the complaint. The parties engaged in discovery, during which the Sheltons sent Wells Fargo a request for admissions. The request sought to have Wells Fargo admit, among other things, that (1) it was not the original lender; (2) it was not the current holder of the note; (3) it was not the current owner of the note; (4) the original lender did not transfer possession to Wells Fargo; (5) Wells Fargo did not possess the note or mortgage; and (6) the copy of the note attached to the complaint was not a true and correct copy of the original.

Wells Fargo did not timely respond to the request for admissions. Approximately a year and a half after the response was due, Wells Fargo moved for leave to file a belated response, asserting excusable neglect based on a calendaring error and lack of prejudice to the Sheltons. Wells Fargo had complied with the Sheltons' other discovery requests, albeit after being given several extensions of time. Despite having obtained technical admissions under Florida Rule of Civil Procedure 1.370, the Sheltons did not move for summary judgment but instead continued to engage in discovery. The trial court denied Wells Fargo's motion to file a belated response to the request for admissions. After the motion was denied, the Sheltons moved for summary judgment.

In support of their motion, the Sheltons asserted that the technical admissions conclusively established that Wells Fargo lacked standing to foreclose. Wells Fargo responded that because the verified complaint included a copy of the blank-indorsed note, the note demonstrated that Wells Fargo was the original lender, the complaint alleged that it was a holder, and Wells Fargo had the note in its possession, summary judgment would be improper because the technical admissions would not negate this other record evidence. Despite characterizing the Sheltons' defense tactic as a "parlor trick," the trial court granted final summary judgment in their favor.

Florida Rule of Civil Procedure 1.370 governs requests for admissions. The rule provides that if a party fails to respond to a request for admissions within thirty days of service of the request, the matter is deemed admitted. Fla. R. Civ. P. 1.370(a). "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b). The court may allow a party to withdraw an admission "when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits." Id.

Rule 1.370 has been liberally interpreted, and there is a "strong preference that genuinely disputed claims be decided upon their merits rather than technical rules of default." Wells Fargo Bank Nat'l Ass'n v. Voorhees, 194 So. 3d 448, 451 (Fla. 2d DCA 2016) (citing PennyMac Corp. v. Labeau, 180 So. 3d 1216, 1219 (Fla. 3d DCA 2015)); see also Melody Tours, Inc. v. Granville Mkt. Letter, Inc., 413 So. 2d 450, 451 (Fla. 5th DCA 1982). In addition, "[w]hile it is normally within the trial court's discretion to use a

3

technically deemed admission to support a summary judgment, it is error if the record contains evidence to the contrary of the admission." <u>In re Forfeiture of 1982 Ford Mustang, Vehicle ID No. ABP16F6CF190433</u>, 725 So. 2d 382, 385 (Fla. 2d DCA 1998); <u>see also</u> <u>HSBC Bank USA v. Parodi</u>, 193 So. 3d 65, 66 (Fla. 3d DCA 2016) ("[I]t is reversible error to involuntarily dismiss an action or grant summary judgment based solely on the failure to timely respond to a request for admissions where the pleadings and/or the record evidence contradicts the technical admissions and no prejudice has been demonstrated.").

We find that the trial court erred in granting summary judgment in this case. Two factors weigh heavily in our decision. First, Wells Fargo filed the motion for relief from the technical admissions before the Sheltons moved for summary judgment or relied on the technical admissions in any other demonstrable way. Second, the pleadings and other record evidence in this case contradicted the admissions.[2] Wells Fargo had filed a verified complaint alleging that it was the holder of the note; it also attached copies of the note and mortgage to the complaint. In addition, both in other discovery responses and at the summary judgment hearing, Wells Fargo indicated that it had the note in its possession and intended to file the original with the trial court.[3]

---

[2] These factors render the Sheltons' reliance on <u>Asset Management Consultants of Virginia Inc. v. City of Tamarac</u>, 913 So. 2d 1179 (Fla. 4th DCA 2005), inapposite. In that case, the appellant did not move to file belated answers until after the hearing on the summary judgment motion, and no record evidence contradicted the admissions. 913 So. 2d at 1181.

[3] Additionally, in Wells Fargo's verified motion for leave to file the belated response, it claimed that the failure to respond was due to a calendaring error. <u>Cf.</u> <u>Al Hendrickson Toyota, Inc. v. Yampolsky</u>, 695 So. 2d 948 (Fla. 4th DCA 1997) (finding trial court erred in denying motion for relief from technical admissions based on calendaring error because "the established case law deems that calendaring errors are regarded as excusable

4

Moreover, the Sheltons did not demonstrate that they would have been prejudiced by granting Wells Fargo relief from the technical admissions. Merely alleging reliance on the court's previous denials of relief from technical admissions or having to proceed to trial on the merits is insufficient to warrant denial of relief under the rule. See, e.g., Voorhees, 194 So. 3d at 451; cf. Melody Tours, Inc., 413 So. 2d at 451. While Wells Fargo took over a year to recognize that it missed the discovery deadline, the Sheltons continued to pursue discovery during that time, suggesting a lack of reliance on those technical admissions.

In sum, the trial court erred in entering summary judgment based on the technical admissions because there was record evidence contradicting the admissions. In addition, the Sheltons failed to make a sufficient showing of how granting relief from the admissions would have caused prejudice. Accordingly, we reverse the order granting summary judgment and remand for further proceedings.

REVERSED and REMANDED.

PALMER and SAWAYA, JJ., concur.

---

neglect"); see also Melody Tours, Inc., 413 So. 2d at 451 (finding mere inadvertence justified allowing relief from technical admissions under liberal application of rule 1.370).