538 So.2d 139 (1989)
Mamie WILSON, Appellant,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. 87-2956.
District Court of Appeal of Florida, Fourth District.
February 15, 1989.
*140 Brett K. Findler of Rosenthal and Findler, P.A., West Palm Beach, for appellant.
Burton M. Michaels of Office of General Counsel, Tallahassee, for appellee.
WARNER, Judge.
This is an appeal from a final order of the Director of the Division of Retirement, who, contrary to the recommendations of the hearing officer, made a determination that appellant's service at the Lantana Tuberculosis Hospital was not creditable service for retirement benefits because she had received a refund of her contributions from that prior service.
The appellant sought a hearing after being denied credit for prior service because the Division of Retirement claimed her retirement contributions from the Lantana Hospital employment had been refunded, a fact which she denied. At the hearing, both parties agreed that the sole issue before the hearing officer was whether or not the appellant had received the payment of the refund, thus eliminating those years for credit towards the retirement benefit without repurchase of the prior service by appellant. See § 121.081(2)(a), Florida Statutes (1987). After the evidentiary hearing, the hearing officer recommended that the Lantana hospital was creditable for retirement because the appellee, the Division of Retirement, had failed to prove appellant had received the refund, which, he concluded, was the appellee's burden of proof.
In his final order the Director of the Division rejected certain recommended findings of fact and conclusions of law made by the hearing officer, thus rejecting appellant's claim that the Lantana service was creditable service.
Two issues raised by Appellant merit review. First, appellant claims it was error for the Director to deem as admitted a request for admission, when the hearing officer had granted relief from appellant's failure to admit the request. Second, the Director determined that the appellant had the burden of proof on the issue presented to the hearing officer, which appellant also maintains was an erroneous conclusion of law.
Prior to the commencement of the hearing, appellant orally requested relief from her failure to answer a request for admission propounded by the appellee. That request asked that appellant admit that she had received a check from the State of Florida as a refund of her retirement contributions covering her period of service at the tuberculosis hospital from January of 1952 through September of 1958. As the hearing officer noted in his recommended order, if that matter were deemed admitted, the appellee would prevail as a matter of law. The hearing officer noted that no real reason was offered for the failure to respond to the request for admission, although it was inferred that confusion as to which of appellant's two attorneys were to answer the request led to the failure to file the answer. However, he concluded there would be no prejudice to the Division in the presentation of its case were the technical admissions withdrawn. Thus, in the recommended order, the hearing officer granted relief from the admission and proceeded to determine the case without the application of the admission.
In his final order, the Director of the Division of Retirement rejected the hearing officer's determination on the requests for admission, finding that there was no excusable neglect shown for appellant's failure to answer the request. Thus, he found that all of the requests for admissions were *141 admitted by the petitioners for failure to respond. The question thus presented is whether or not the Final Order applied the correct legal standard in determining that the motion for relief from unanswered requests for admissions should be granted.
Florida Rule of Civil Procedure 1.370(b), amended in 1973, provides with respect to withdrawal of admitted requests for admission:
Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to Rule 1.200 governing amendment of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. (emphasis supplied).
This amendment was discussed in Melody Tours, Inc. v. Granville Market Letter, Inc., 413 So.2d 450 (Fla. 5th DCA 1982) where trial counsel inadvertently neglected to timely file answers to requests for admissions, which admissions covered most of the factual allegations of the appellee's complaint. The appellant moved for permission to file a belated response to the request for admission which the trial court denied, analogizing the legal problem of granting relief from the failure to timely answer a request for admission to the similar problem of granting relief from default. The Fifth District Court reversed, determining that the amendment of Florida Rule of Civil Procedure 1.370(b) liberalized the procedure for correcting an improper response or technical admission. Thus, so long as the appellee was not prejudiced by withdrawal of the technical admission, such relief could be granted even for mere inadvertence. This court has also applied the more liberal correction standard of Rule 1.370(b) in Love v. Allis Chalmers Corporation, 362 So.2d 1037 (Fla. 4th DCA 1978), granting relief under Rule 1.370(b) where no answer was timely filed to a request for admission but the record was replete with evidence contradicting the technical admission.
This is the situation in the present case. The sole reason for the hearing was the appellant's denial that she had received benefits. Subsequent to the time that the request for admission was propounded, the appellee took the deposition of plaintiff at which time she testified that she did not receive the refund. Thus, appellee was fully aware that appellant contested the matter covered by the admission. It is apparent from the hearing that appellee's counsel did not satisfy the hearing officer that his case was in any way prejudiced by permitting withdrawal of the technical admission and permitting the case to proceed on the merits.
Florida Administrative Rule 28-5.208 permits parties to obtain discovery "through the means and in the manner provided in Rules 1.280 through 1.400, Florida Rules of Civil Procedure. The presiding officer may issue appropriate orders to effectuate the purposes of discovery and to prevent delay." In this instance, the presiding officer made the determination to grant relief from the failure to admit consistent with Florida Rule of Civil Procedure 1.370(b). The Director erred as a matter of law in determining that excusable neglect had to be shown in order to grant relief from the request for admissions. Relief from the technical admission was properly granted by the hearing officer, and the admission is thus not dispositive of this case.
In its recommended order, the hearing officer determined that it was the Division which bore the burden of proof on the contested issue of whether the appellant had received a refund of her retirement contribution in 1961. The Director of the Division of Retirement rejected that conclusion of law, relying on Florida Department of Health and Rehabilitative Services v. Career Service Commission, 289 So.2d 412, 414 (Fla. 4th DCA 1974), in which this court held that the burden of proof is upon the party asserting the affirmative of an issue before an administrative tribunal. As the Final Order noted, the issue in this *142 case was petitioner's claim of creditable service for her employment with Lantana Tuberculosis Hospital for the period of January, 1952 through September, 1958. Under the scheme of the Florida Retirement System, Chapter 121, creditable service of any member in the retirement system means the sum of his past service, prior service, military service and future service allowed within the provisions of this chapter if all required contributions have been paid and all other requirements of this chapter have been met. § 121.021(17), Florida Statutes (1987). Such creditable service must be claimed by the member beneficiary. Thus, it is the burden of the beneficiary to establish his right to creditable service. That includes the requirement to show that all required contributions have been made. That was the burden on the appellant in this case. That the appellee admitted all facts except that the required contributions had been made does not shift the burden of proof. The burden of proof was with the petitioner.
However, after correctly determining which party had the burden of proof, the Director then modified certain findings of fact which were based upon disputed evidence and inferences to be drawn from the evidence, re-weighed the evidence by allocating the burden of proof on the appellant, and determined that appellant was not entitled to any creditable service. In this the Director erred and went beyond his authority under Florida Statutes Section 120.57(1)(b)(9) (1987). In its review of a recommended order of a hearing officer, the Director
may only consider findings actually made or sustained by the evidence and whether, if so, they support the recommended conclusions. When the entity charged with finding facts upon the evidence presented, the hearing officer, has, for whatever reason, failed to perform this function, the appropriate remedy is not for the agency (or the court of appeal) to reach its own conclusion, but rather to remand for the officer to do so.
Cohn v. Department of Professional Regulation, 477 So.2d 1039, 1047 (Fla. 3d DCA 1985). See also McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977). The appropriate remedy in this case was to remand the matter for reconsideration by the hearing officer.
For the reasons stated, the Final Order of the Director of the Division of Retirement is vacated. The cause is remanded for a further administrative hearing to be conducted in accordance with this opinion, applying the proper burden of proof to the evidence presented, for the hearing officer's entry of findings of fact and conclusions of law thereon, and for any further appropriate proceedings.
VACATED, REMANDED WITH DIRECTIONS.
ANSTEAD and LETTS, JJ., concur.[1]
NOTES
[1] Judge Warner did not participate in the oral argument. However, the taped transcript of the oral argument has been reviewed together with the briefs and record on appeal.