672 So.2d 103 (1996)
Anthony E. RAMOS, Appellant,
v.
GROWING TOGETHER, INC., a Florida Not-for-Profit Corporation, Appellee.
No. 95-3988.
District Court of Appeal of Florida, Fourth District.
April 24, 1996.
*104 L.T. Case No. CL 95-3090 AB.
Anthony E. Ramos of Law Offices of Anthony E. Ramos, Jupiter, pro se.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., and Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals from a non-final order granting summary judgment in favor of plaintiff on the issue of liability in an action for breach of an oral lease, conversion and civil theft. We reverse because the trial court should have granted defendant relief from the effect of his "technical admissions" pursuant to Florida Rule of Civil Procedure 1.370(b).
Plaintiff served its Request for Admissions on defendant at a time when the original complaint had been dismissed and the amended complaint had not been filed, raising a question as to when the responses to the Request for Admissions were due. Defendant, in fact, filed responses to the Request for Admissions 30 days after the amended complaint was filed. However, the responses did not admit or deny the truth of the assertions. Rather, defendant claimed in his responses that his law firm should have been named as the defendant instead of him in his individual capacity.
Plaintiff moved to strike defendant's responses. The trial court denied plaintiff's motion, but ruled that because the responses did not comply with the requirements of rule 1.370(a), the assertions in the requests would be deemed admitted. Defendant promptly filed a motion for relief from admissions, requesting permission to amend and alleging that his technical admissions were contrary to the true facts of the case. While there is no separate order denying defendant's motion for relief, the motion was effectively denied when the trial court granted summary judgment on the basis of his technical admissions.
Rule 1.370(b) provides:
[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.
This liberal standard favors amendment in most cases in order to allow disposition on the merits. See Melody Tours, Inc. v. Granville Mkt. Letter, Inc., 413 So.2d 450, 451 (Fla. 5th DCA 1982). See also Habib v. Maison Du Vin Francais, Inc., 528 So.2d 553, 553 (Fla. 4th DCA 1988). "The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim." Sterling v. City of West Palm Beach, 595 So.2d 284, 285 (Fla. 4th DCA 1992); see also Sher v. Liberty Mut. Ins. Co., 557 So.2d 638 (Fla. 3d DCA 1990).
The trial court abused its discretion in failing to grant defendant relief from the admissions and in denying his request to amend his responses. Here, defendant timely filed a motion to grant relief from the admissions. Cf. Singer v. Nationwide Mut. Fire Ins. Co., 512 So.2d 1125 (Fla. 4th DCA 1987). Plaintiff did not establish that it would be prejudiced by permitting defendant leave to amend and proceed to the merits. See Habib.
Additionally, the record before us shows disputed issues of fact. Although the affidavit offered by defendant was untimely filed one day before the hearing on the motion for summary judgment and thus was properly not considered, see Fla.R.Civ.P. 1.510, defendant's answers to plaintiff's interrogatories created disputed issues of fact.
*105 Accordingly, we reverse and remand with directions to vacate the order granting summary judgment in favor of plaintiff.
GLICKSTEIN and POLEN, JJ., concur.