MAY, J.
The defendant appeals a final judgment in an automobile accident case. He argues that the trial court abused its discretion when it failed to set aside responses to requests for admissions that had been filed in error and directed a verdict against him on the issue of causation. We agree and reverse for a new trial on causation and damages.
The facts of the underlying accident are rather straightforward. The plaintiff was a passenger in a car driven by the defendant. The defendant caused the car to swerve to avoid hitting another vehicle and crashed into a fire hydrant. The plaintiff sued to recover for injuries sustained.
At the beginning of trial, defense counsel moved to amend the responses to the plaintiffs request for admissions. He established that the wrong responses were filed due to clerical error. His paralegal had filed ten responses to the nine requests for admissions submitted to Allstate instead of the eight requests directed to the defendant. He argued that the plaintiff had to have known of the mistake because the pre-trial stipulation listed the issues as disputed and there were ten responses to the eight requests directed to the defendant. The erroneous responses admitted causation, permanency, and negligence. In short, the responses admitted all relevant issues to be tried. His paralegal testified regarding the mistake. Not only did defense counsel attempt to amend the responses, he moved for a mistrial at *1219 the start of trial. The court reserved ruling on the motion. Over defense objection, plaintiffs counsel advised the jury of the defendant’s admissions in opening statement.
Testimony revealed that the plaintiff had been a farm laborer for many years. He had injured his back six years before in another automobile accident, and. had also injured his back in a fall from a ladder. Medical testimony suggested that the plaintiffs injury .was unlikely to have been caused by a single traumatic event. The defense expert testified that the injuries were only temporary in nature. However, every medical witness testified that the plaintiff sustained some injury as a result of this accident.
At the close of the testimony, defense counsel again moved for a mistrial. The trial court, reserved ruling. The defendant renewed his motion to vacate or strike the responses and filed a new corrected response. The court again, reserved ruling.
The defendant then requested that the responses be removed from evidence. Finally, the trial court granted the motion and agreed to give a curative instruction. Plaintiffs counsel objected. He argued that such an instruction would make him look like a “buffoon” because he had not attempted to prove issues that he had told the jury were admitted. Nevertheless, the trial court instructed the jury to disregard the admissions referred to by plaintiffs counsel in opening statement and during trial “as if [they were] never, ever placed before you, and as if [they were] never in evidence.”
The trial court then directed a verdict for the plaintiff on negligence and causation. The jury returned a verdict finding the defendant 80% negligent and the plaintiff 20% negligent. It awarded the plaintiff $72,603.50 in damages.
We address two issues: (1) the court’s initial refusal to set aside the defense responses to the request for admissions filed in error; and.(2) the directed verdict on causation.
Florida Rule of Civil Procedure 1.370(b) provides:
[T]he court may permit withdrawal or amendment [of a response to request for admissions] when the presentation of the merits of the action will be subserved by it and the party who obtained the admis-pion fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits.
This court,.has recognized that the rule favors amendments to responses to ensure that a cause is decided on its merits. Ramos v. Growing Together, Inc., 672 So.2d 103 (Fla. 4th DCA 1996). In this case, the trial court ran afoul of the rule and its purpose. The trial court should have granted the defendant’s motion to amend its responses to the plaintiffs request for admissions.
The error began, when the court denied the initial request to amend the responses. The error was compounded when plaintiffs counsel told the jury in opening statement that the defendant admitted negligence, causation, permanency and damages, followed by defense counsel telling the jury that the majority of these issues were disputed. When the trial court reversed itself and struck the admissions, it .turned the- plaintiffs burden of proof on its head. In an apparent attempt to compensate, the trial court directed a verdict on the issue of causation.
When an appellate court reviews the grant of a directed verdict, it must view the evidence and all inferences of fact in a light- most favorable to the nonmoving party, and can affirm a directed verdict only where no proper view of the evi *1220 dence could sustain a verdict in favor of the nonmoving party.
Frenz Enters. v. Port Everglades, 746 So.2d 498, 502 (Fla. 4th DCA 1999). Here, the evidence conflicted as to whether the accident caused the plaintiffs injuries. Therefore, looking at the evidence in the light most favorable to the defendant, the trial court erred in directing a verdict on causation.
The two-fold error of denying the defendant’s request to amend his responses to the request for admissions, compounded by the entry of a directed verdict for the plaintiff on the issue of causation, warrants a reversal. The case is remanded for a new trial on causation and damages.
POLEN and SHAHOOD, JJ., concur.