875 So.2d 758 (2004)
Benjamin P. THOMAS and Alison Thomas, Appellants,
v.
The CHASE MANHATTAN BANK, as Trustee of IMC Home Equity Loan Trust 1997-7 Under the Pooling and Servicing Agreement Dated as of November 1, 1997; Conseco Finance Servicing Corporation f/k/a Green Tree Financial Servicing Corporation; and Wells Fargo Financial Bank, Appellees.
Nos. 4D03-3324, 4D04-814.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
*759 James A. Bonfiglio, Boynton Beach, for appellants.
Deborah Caventer and Mark Broderick of Echevarria & Associates, P.A., Tampa, for appellee The Chase Manhattan Bank, etc.
STEVENSON, J.
In this mortgage foreclosure action, we have for review an order striking the defendants' pleadings and granting summary judgment for the plaintiff based on the defendants' untimely response to a request for admissions. We reverse.
Six months after receiving plaintiff, The Chase Manhattan Bank's, request for admissions, defendants, Benjamin and Alison Thomas, filed their response. Despite the fact that the response had long been overdue, Chase Manhattan had not filed a motion to compel a response nor had the trial court entered an order to that effect. Nonetheless, the trial court sanctioned the defendants by striking their pleadings and affidavit and granted Chase Manhattan's second motion for summary judgment.[1] *760 On appeal, the defendants challenge the court's sanction and the resulting summary judgment.
First, we find that the trial court abused its discretion in failing to grant the Thomases' rule 1.370(a) motion for relief from untimely response to request for admissions. The affidavit in opposition to summary judgment clearly contradicted the technical admissions and Chase Manhattan failed to show "prejudice" within the meaning of the rule. See Ramos v. Growing Together, Inc., 672 So.2d 103, 104 (Fla. 4th DCA 1996).
Second, the sanction of dismissal was too harsh and legally inappropriate for the failure to timely comply with the request for admissions.[2] An express written finding of a party's willful or deliberate refusal to obey a court order to comply with discovery is necessary to sustain the sanction of dismissal or default against a noncomplying party. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990); see also Lahti v. Porn, 624 So.2d 765 (Fla. 4th DCA 1993) (reversing dismissal with prejudice where trial court failed to make a specific finding that counsel's failure to comply with an order was willful or that such failure resulted in prejudice to defendants). Where a party has never been instructed by the court to comply with any discovery request, sanctions for noncompliance are inappropriate. See Stoner v. Verkaden, 493 So.2d 1126, 1127 (Fla. 4th DCA 1986). Here, there was no order compelling compliance.
Thus, for the reasons stated, the trial court abused its discretion in striking the Thomases' pleadings and affidavit. We, therefore, reverse the resulting summary judgment.
REVERSED and REMANDED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] The trial court found that the pleadings and affidavits filed by the Thomases created material issues of law or fact, thereby precluding the court from granting Chase Manhattan's first motion for summary judgment. See Ramos v. Growing Together, Inc., 672 So.2d 103 (Fla. 4th DCA 1996); see also Mahmoud v. King, 824 So.2d 248 (Fla. 4th DCA 2002).
[2] While it is within the discretion of the trial court to impose sanctions, those sanctions must be commensurate with the violation. See Turner v. Anderson, 376 So.2d 899 (Fla. 2d DCA 1979).