928 So.2d 521 (2006)
Lucille AUSTIN, Appellant,
v.
LIQUID DISTRIBUTORS, INC., and Frank Cedeno, Appellees.
No. 3D05-2106.
District Court of Appeal of Florida, Third District.
May 17, 2006.
Stephens, Lynn, Klein and Marlene S. Reiss, Miami, for appellant.
Buckner, Shifrin, Rice & Etter and Charles W. Rice, Miami, for appellees.
Before SHEPHERD and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
This is an appeal from the dismissal of a personal injury case for fraud on the court. We affirm on the basis of the trial judge's order which correctly concludes as follows:
It is well-settled law that a party who has been guilty of fraud or misconduct in the prosecution or defense of a civil proceeding is not permitted to continue to employ the very institution she has subverted to achieve her ends. Hanono v. Murphy, 723 So.2d 892 (Fla. 3d DCA 1998). Where a plaintiff makes misrepresentations and omissions about her accident and medical history in interrogatories and in deposition, those misrepresentations and omissions go to the heart of her claim and subvert the integrity of her action. When the extensive nature of the plaintiff's past medical history belies her claim that she had forgotten or was confused, she thereby forfeits her right to proceed with her personal injury action. Metropolitan Dade County v. Martinsen, 736 So.2d 794 (Fla. 3d DCA 1999).

*522 Since the record evidence in the case at hand clearly and convincingly demonstrates that Lucille Austin deliberately attempted to mislead and deceive the defendants about matters which strike at the very heart of her claim, i.e., her injuries stemming from the automobile accident of June 28, 2001, this court simply cannot condone Lucille Austin's lack of candor. "A system that depends on an adversary's ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way." Cox v. Burke, 706 So.2d 43, 47 (Fla. 5th DCA 1998).
Affirmed.