STRINGER, Judge.
 

 Linda Chmura seeks review of a final judgment and judgment of foreclosure resulting from a claim of lien filed by contractor Sam Rodgers Properties, Inc. (“Rodgers”). The final judgment and foreclosure were entered after a bench trial attended only by Rodgers after the court struck Chmura’s answer, affirmative defenses, and counterclaim as a sanction for her failure to comply with a court order.
 
 *986
 
 Because the order striking Chmura’s pleadings constitutes an abuse of discretion, we reverse and remand for further proceedings. We decline to address the other alleged errors in light of our reversal.
 

 This dispute arose out of a construction contract entered into by the parties for construction of a home in Venice, Florida. Rodgers filed suit asserting counts for lien foreclosure, breach of contract, and quantum meruit. Chmura filed an answer denying the material allegations, asserting affirmative defenses including fraud and unauthorized alteration of the contract, and counterclaiming for rescission and damages. Chmura also made a demand for jury trial.
 

 In the course of discovery, Rodgers filed a motion to compel discovery after Chmu-ra failed to make herself available for deposition. Chmura alleged she was temporarily unable to participate in a deposition due to a stroke and health problems resulting therefrom. At the hearing on the motion to compel, the trial court declined to enter an order compelling discovery but orally instructed Chmura to provide access to her physicians and/or medical records as support for her contention that she was unable to participate in a deposition at that time.
 

 Chmura failed to make the records available after demand from Rodgers’ counsel, prompting Rodgers to file a motion for sanctions pursuant to Florida Rule of Civil Procedure 1.380. After a hearing on the motion, the trial court issued an order striking Chmura’s answer, affirmative defenses, and counterclaim.
 

 Rule 1.380 authorizes the imposition of sanctions for a defendant’s failure to comply with a trial court’s order compelling discovery. We review an order imposing sanctions for an abuse of discretion.
 
 Mercer v. Raine,
 
 443 So.2d 944 (Fla.1983). However, “the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances.”
 
 Id.
 
 at 946. Such circumstances include “a deliberate and contumacious disregard of the court’s authority ..., bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.”
 
 Id.
 
 (citations omitted).
 

 Where this severe sanction is imposed, the trial court’s order must contain an explicit finding “that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.”
 
 Commonwealth Fed. Sav. & Loan Ass’n v. Tubero,
 
 569 So.2d 1271, 1273 (Fla.1990);
 
 see also Clark v. Lake City Police Dep’t,
 
 723 So.2d 901, 902-03 (Fla. 1st DCA 1999) (applying
 
 Tubero
 
 to an order striking pleadings). These express findings help to “ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.”
 
 Ham v. Dunmire,
 
 891 So.2d 492, 496 (Fla.2004).
 

 We hold that the sanction imposed in this case is neither supported by the record nor authorized by law and thus constitutes an abuse of discretion. In this case, the trial court declined to enter an order compelling discovery but orally instructed Chmura to provide access to her physicians and/or medical records as support for her contention that she was unable to participate in a deposition at that time. After Chmura failed to make the records available, the trial court issued the most severe sanction, striking Chmura’s answer, affirmative defenses, and counterclaim. The order contains no finding that
 
 *987
 
 Chmura willfully or deliberately disregarded a court order or any other findings of fact to support its ruling.
 

 Further, it does not appear from the record that a court order demanding discovery was ever issued, much less willfully violated. As Rodgers notes in its motion for sanctions, “the Court declined to enter an order granting the Motion to Compel.” “Where a party has never been instructed by the court to comply with any discovery request, sanctions for noncompliance are inappropriate.”
 
 Thomas v. Chase Manhattan Bank,
 
 875 So.2d 758, 760 (Fla. 4th DCA 2004).
 

 For the reasons set out above, the trial court abused its discretion by striking Chmura’s pleadings. We, therefore, reverse the final judgment and judgment of foreclosure and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and WALLACE, J., Concur.