SHEPHERD, J.
 

 This is an appeal by Mercedes R. Saew-itz and Brooke A. Saewitz, daughters of Max Saewitz, deceased, from a directed verdict and final judgment of dismissal at the close of the daughters’ case-in-chief in a lawsuit filed by them against their stepmother, Lynn Saewitz, for conversion and tortious interference with an expected inheritance. The trial judge dismissed the case for failure of the daughters to meet and satisfy the damage element of their prima facie case. We affirm the decision of the trial court.
 
 [1]
 

 The daughters’ initial brief on this appeal persuasively chronicles the record evidence presented to the jury of manipulative activity taken by their stepmother during their father’s dying days and preceding months to contravene their father’s wishes with respect to the disposition of his estate. It is apodictic, however, that a plaintiffs initial proof of a prima facie case of both conversion and tortious interference in her case-in-chief requires more than proof of liability. Prima facie proof of damages is required as well.
 
 See Stein v. Paradigm Mirsol, LLC,
 
 551 F.Supp.2d 1323, 1333 (M.D.Fla.2008),
 
 rev’d on other grounds,
 
 586 F.3d 849 (11th Cir.2009) (“Damages are an element of a conversion claim, and without damages there can be no cause of action.”);
 
 Whalen v. Prosser,
 
 719 So.2d 2, 5 (Fla. 2d DCA 1998) (“The elements of this evolving tort [intentional interference with an expectancy of inheritance] include ... damages.”).
 

 The substance of the evidence the daughters presented to the jury on the element of damages is found in the testimony of three witnesses: Jack Rosenberg, the decedent’s accountant; Ron Goldstein, a friend of the decedent; and Lynn Saew-itz. Rosenberg provided general testimony that the value of the assets involved in the litigation was “over a million dollars” or “in the millions [of dollars].” Goldstein similarly testified the value of the allegedly misappropriated assets at “seven figures.” Although denying any wrongdoing, Lynn Saewitz similarly indicated the value of the assets in question was in the “millions of dollars.” However, none of the testimony was tied to a legally relevant time period.
 
 See R & B Holding Co. v. Christopher Adver. Group, Inc.,
 
 994 So.2d 329, 331 (Fla. 3d DCA 2008) (holding the measure of damages for conversion is the fair market value of the interests at the time of the conversion);
 
 Restatement (Second) of Torts
 
 § 774B (1979) (“[R]eeovery [can be] only for an inheritance or gift that the other would have received but for the tor-tious interference of the actor.”). This omission alone deprives this testimony of any probative value.
 

 Additionally, this testimony is insufficient to satisfy the “reasonable certainty” threshold necessary to be considered legally probative of the amount or extent of damages suffered by the daughters. “Under the reasonable certainty rule, ... recovery is denied where the fact of damages and the extent of damages cannot be established with a reasonable degree of certainty.”
 
 Nebula Glass Int’l,
 
 
 *834
 

 Inc. v. Reichhold, Inc.,
 
 454 F.3d 1203, 1212 (11th Cir.2006) (quoting
 
 Miller v. Allstate Ins. Co.,
 
 573 So.2d 24, 27-28 (Fla. 3d DCA 1990)). The amount of damages claimed need not be proven with exactitude, but it must not be based upon speculation or guesswork.
 
 See Smith v. Austin Dev. Co.,
 
 538 So.2d 128, 129 (Fla. 2d DCA 1989);
 
 see also R.A. Jones & Sons, Inc. v. Holman,
 
 470 So.2d 60, 69-70 (Fla. 3d DCA 1985) (“The standard for the degree of certainty requires that the mind of a prudent impartial person be satisfied with the damages.”). The proof adduced must be sufficiently definite for a reviewing court to perform its review obligation.
 
 See W.R. Grace & Co.-Conn. v. Pyke,
 
 661 So.2d 1301, 1302 (Fla. 3d DCA 1995) (“[T]he proof [of damages] must stand appellate scrutiny as to its sufficiency.”). In the case before us, the proof adduced by the daughters in their case-in-chief fails to meet this fundamental requirement.
 
 See Smith,
 
 538 So.2d at 129 (finding testimony that $15,000 would be a “fair assessment” or “good gauge” of expense of restoration of leased premises recoverable against lessee insufficient to satisfy “reasonable certainty” test for damage award against lessee);
 
 see also Del Monte Fresh Produce Co. v. Net Results, Inc.,
 
 77 So.3d 667, 673 (Fla. 3d DCA 2011) (finding the plaintiffs assumptions and extrapolation for over ninety percent of its claimed damages pushed its proof of damages into the realm of conjecture and speculation).
 

 The daughters argued below, and renew their argument before us, that they were prevented from proving their damages in this case by the failure of counsel for the stepmother to engage in discovery in good faith. The daughters specifically point to the fact, revealed during the testimony of Jack Rosenberg, that defense counsel failed to inquire of him or his accounting firm for documents relating to the value of the decedent’s assets in response to a request for production that indisputably included them.
 
 [2]
 
 As trustee of the Max P. Saewitz Revocable Trust, Lynn Saewitz had the legal obligation to make such an inquiry.
 
 See
 
 Fla. R. Civ. P. 1.350 (“[A]ny party may request any other party (1) to produce ... any documents ... that are in the possession, custody, or control of the party to whom the request is directed.”) (emphasis added);
 
 Searock v. Stripling,
 
 736 F.2d 650, 653 (11th Cir.1984) (defining control under Rule 34(a) of the Federal Rules as “not only ... possession, but ... the legal right to obtain the documents requested upon demand.”).
 
 [3]
 
 The testimony of Jack Rosenberg indicated his firm had responsive documentation. During the course of the argument on the motion for directed verdict, counsel for the daughters placed substantial reliance on
 
 *835
 
 this lapse by defense counsel to ask the trial court to either re-open the case to allow more evidence on the element of damages, or, alternatively, grant a new trial as a sanction against Lynn Saewitz and her counsel for abuse of discovery.
 
 [4]
 
 The trial court denied relief.
 

 The trial court did not abuse its discretion in so doing. In the first place, counsel for the daughters acquiesced in the production made by defense counsel by not first pursuing any legal remedies permitted by the rules, including a motion to compel the records. A sanction remedy for failure to allow discovery is legally unavailable to a party until the opposing party is first subject to and violates an order to provide such discovery.
 
 See Chmura v. Sam Rodgers Props., Inc.,
 
 2 So.3d 984, 987 (Fla. 2d DCA 2008) (“Where a party has never been instructed by the court to comply with any discovery request, sanctions for noncompliance are inappropriate.”) (quoting
 
 Thomas v. Chase Manhattan Bank,
 
 875 So.2d 758, 760 (Fla. 4th DCA 2004)). Counsel for the daughters counter they did not know defense counsel failed to perform its duty or that such documents existed and were in the control of Lynn Saewitz; thus, they did not move to compel. But neither is there any evidence in the record that counsel for the daughters made any effort to confirm compliance. Notably, counsel for the daughters neither subpoenaed the records of the decedent’s accounting firm before trial, nor sought to take the deposition of the accounting firm or any of its employees. In short, whatever lapse — legal or ethical — may be laid at the feet of defense counsel, it is true as well that counsel for the daughters was never affirmatively misled by the defense.
 
 Cf. Austin v. Liquid Distribs., Inc.,
 
 928 So.2d 521, 522 (Fla. 3d DCA 2006) (upholding dismissal of personal injury case in finding the plaintiff committed fraud on the court by deliberately misleading and deceiving the defendants).
 

 Finally, the precise identification of each asset at issue was known to counsel for the daughters well before trial. If a prima facie case of the value of these assets could have been proven through the records or testimony of the decedent’s accountants, it follows the assets also could have been valued by experts retained by the daughters. Unless knowingly waived or excused by the daughters themselves, counsel’s obligation to the daughters in this case included an independent obligation to be prepared to present a prima facie case on the value of the daughters’ damage claim at trial. The actions of defense counsel, even if a violation of a legal or ethical obligation existed, were not the “but for” cause of the daughters’ failure to present a prima facie case to the jury.
 

 Affirmed.
 

 [1]
 

 . We also affirm without discussion the trial court’s denial of Lynn Saewitz’s Motion for Entitlement to Attorneys’ Fees and Costs Pursuant to Proposal for Settlement.
 
 See Attorneys’ Title Ins. Fund, Inc. v. Gorka,
 
 36 So.3d 646, 650 (Fla.2010) (reaffirming longstanding precedent that "an offer of judgment must be structured such that either offeree can independently evaluate and settle his or her respective claim by accepting the proposal irrespective of the other parties’ decisions.”).
 

 [2]
 

 . The request for production broadly sought: “All documents, files, e-mails, receipts statements, correspondence, memoranda, notes, reports or other written and/or electronically transmitted material that refer relate or pertain to: (1) each and every asset ... that ... Max P. Saewitz, whether individually or jointly, owned at the time of his death; ... (3) the value of the assets owned by ... Max P. Saewitz, whether individually or jointly at the time of his death; ... (11) that certain general partnership known as B-Mar Associates, a Florida general partnership; ... [and] (12) any company and/or limited liability company in which ... Max P. Saewitz held an interest, either individually or jointly from January 2005 to present.”
 

 [3]
 

 . When construing Florida Rules of Civil Procedure, Florida courts may look to federal case law construing similar or identical Federal Rules of Civil Procedure, such as this case where Florida Rule of Civil Procedure 1.350(a) is similar to Federal Rule of Civil Procedure 34(a).
 
 See Ferrigno v. Yoder,
 
 495 So.2d 886, 887-88 (Fla. 2d DCA 1986).
 

 [4]
 

 . The daughters also sought leave to amend their complaint to conform to the evidence and to add a purely equitable claim for undue influence and constructive trust. The trial court properly denied both motions.
 
 See Palm v. Taylor,
 
 929 So.2d 566, 568 (Fla. 2d DCA 2006) ("Amending a complaint during trial to assert a new cause of action generally should not be permitted over objection ... [and] the policy in favor of allowing liberal amendments of pleadings ... diminishes as the case progresses to trial.”).