DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

v.

**WEST HOLLYWOOD PAIN & REHABILITATION CENTER,** a/a/o
KATHLEEN JEAN,
Respondent.

No. 4D13-2232

[October 15, 2014]

Petition for writ of certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Patti Englander Henning, Judge; L.T. Case Nos. 10-030431 CACE (21), 10-010958 CACE (26), and 07-004511 COCE (50).

Thomas L. Hunker, Office of the General Counsel, United Automobile Insurance Company, Miami, for petitioner.

Joseph R. Dawson of the Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, for respondent.

PER CURIAM.

United Automobile Insurance Company ("United") petitions for second-tier certiorari review of an appellate decision of the circuit court which affirmed a county court's final summary judgment and a judgment for attorney's fees and costs against United and in favor of West Hollywood Pain and Rehabilitation Center, a chiropractic facility ("West Hollywood"). We grant the petition, concluding that the circuit court violated a clearly established principle of law resulting in a miscarriage of justice. *See generally Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010) (setting forth the standard for second-tier certiorari review).

West Hollywood sued United in county court seeking payment of personal injury protection benefits as assignee of United's insured. Along with the complaint, West Hollywood served requests for admissions which included requests that United essentially admit liability. United

inadvertently filed a response to West Hollywood's requests for admissions a few weeks late but promptly moved for relief. On the same day, United filed its answer to the complaint denying that the expenses were reasonable, related, and necessary and asserting that the charges billed were excessive. Nearly a year later, West Hollywood, as the plaintiff below, moved for summary judgment. The trial court refused to grant United relief from the technical admission of liability finding that mere inadvertence was insufficient. Subsequently, the trial court struck an affidavit that United filed opposing summary judgment and awarded final summary judgment to West Hollywood. The court later entered a judgment for attorney's fees and costs in favor of West Hollywood.

In a consolidated appeal, the circuit court affirmed the summary judgment and the judgment for fees and costs entered by the trial court.[1] This petition follows.

The county court erroneously relied on *Farish v. Lum's, Inc.*, 267 So. 2d 325 (Fla. 1972), which applied a prior version of Florida Rule of Civil Procedure 1.370. The rule was substantially amended and liberalized some forty years ago, in 1972. The liberalized version of the rule does not require a showing of excusable neglect to permit relief from a technical admission. *See Wilson v. Dep't of Admin., Div. of Ret.*, 538 So. 2d 139 (Fla. 4th DCA 1989); *Love v. Allis-Chalmers Corp.*, 362 So. 2d 1037 (Fla. 4th DCA 1978). If the adverse party is not prejudiced, relief may be granted for mere inadvertence. *Wilson*, 538 So. 2d at 141. The liberal standard of the amended rule "favors amendment in most cases in order to allow disposition on the merits." *Ramos v. Growing Together, Inc.*, 672 So. 2d 103, 104 (Fla. 4th DCA 1996). "The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim." *Sterling v. City of W. Palm Beach*, 595 So. 2d 284, 285 (Fla. 4th DCA 1992).

The circuit court correctly recognized that it is an abuse of discretion to deny a motion for relief from technical admissions where it is contrary to the true facts of the case and where the opposing party has not shown prejudice. *Thomas v. Chase Manhattan Bank*, 875 So. 2d 758, 760 (Fla. 4th DCA 2004). The circuit court affirmed, however, because United had not yet filed its affidavit opposing summary judgment when the motion for relief was heard. *Thomas*, however, does not require a party seeking relief from admissions to file affidavits before the court hears the request.

At the time the request for relief was denied in this case, United had

[1] Respondent failed to file an answer brief in the appeal in circuit court despite having been granted twelve extensions of time to do so.

filed its answer and its responses to the request for admissions. West Hollywood was aware that United was disputing liability and made no showing that it would be prejudiced in maintaining an action or defense on the merits. Fla. R. Civ. P. 1.370(b). Therefore, *Ramos* states the correct law. Where the defendant timely filed a motion to grant relief from admissions, and the plaintiff has shown no prejudice, it is an abuse of discretion not to allow relief from the admissions. Under these circumstances, the circuit court departed from the essential requirements of law in affirming the trial court's refusal to grant relief from the admissions.

The circuit court also applied the wrong law by relying on the rule of *Ellison v. Anderson,* 74 So. 2d 680 (Fla. 1954), to uphold the trial court's striking of United's affidavit opposing summary judgment. The *Ellison* court explained that "a party when met by a Motion for Summary Judgment should not be permitted by his own affidavit, or by that of another, to baldly repudiate his previous deposition so as to create a jury issue, especially when no attempt is made to excuse or explain the discrepancy." *Id.* at 681. But *Ellison* does not apply to technical admissions under rule 1.370. *See Gross v. Home Expanded Corp.,* 77 So. 3d 835, 838 (Fla. 4th DCA 2012); *Sterling, 595* So. 2d at 285. Additionally, the circuit court's reliance on *McKean v. Kloeppel Hotels, Inc.,* 171 So. 2d 552, 555 (Fla. 1st DCA 1965), is conspicuously misplaced as *McKean* involved sworn affirmative admissions, not technical admissions.

We grant the petition and quash the circuit court's appellate decision. The circuit court shall conduct further proceedings consistent with this opinion.

*Petition granted.*

WARNER, TAYLOR and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3