DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHLOMO CHELMINSKY** and **BEACH KING, LLC,**
Appellants,

v.

**BRANCH BANKING & TRUST COMPANY (BB&T), BEACH CLUB MASTER ASSOCIATION, INC., BEACH CLUB THREE OF HALLANDALE CONDOMINIUM ASSOCIATION, INC., UNKNOWN TENANT #1** n/k/a **TORA BRAUNA, MEDUSA IMPORTS, INC.,** d/b/a **SOLAR TAN THRU SUITS, and FLORIDA DEPARTMENT OF REVENUE,**
Appellees.

No. 4D14-1680

[February 17, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John J. Murphy, III, Judge; L.T. Case No. 10-25347(11).

Mark L. Pomeranz of Pomeranz & Associates, P.A., Hallandale Beach, for appellants.

Andrew J. Mayts, Jr., Alissa M. Ellison, and William E. Roberts of Gray Robinson, P.A., Tampa, for appellee, Branch Banking & Trust Company (BB&T).

GROSS, J.

At the end of a mortgage foreclosure trial, the trial judge declined to enforce an earlier judge's order that the defendant's requests for admission be deemed admitted. The earlier judge had twice refused to rescind this ruling. Because of the late timing of the trial judge's decision, we reverse the final judgment and remand for a new trial.

Early on, the homeowner filed requests for admission pursuant to Florida Rule of Civil Procedure 1.370. The requests asked the bank to admit facts crucial to its case; among other things, the requests asked the bank to admit that it was not the holder of the mortgage and note, that it "failed to fulfill or perform all conditions precedent to the acceleration of

the subject mortgage," that it failed to provide "the requisite notice prior to acceleration," and that the homeowner did not owe the bank "any monies."

The homeowner moved to compel the bank to respond to interrogatories and requests for admission, which was denied. Almost ten months after the requests for admissions were served, the bank filed a response. Unhappy with the response, the homeowner moved to determine the sufficiency of the answers or to deem the requests admitted. On July 20, 2011, the circuit court granted the homeowner's motion and ordered that "[a]ll Requests for Admissions are Deemed Admitted." The bank moved for relief from the technical admissions, which was denied. The bank moved for reconsideration of this ruling, which was also denied.

We pause at this point to note that the court likely abused its discretion in refusing to grant relief from admissions resulting from the untimely responses. A trial judge has broad discretion in dealing with requests for admission. Florida Rule of Civil Procedure 1.370 provides that when a trial court determines that an answer does not comply with the requirements of the rule, the court "may order either that the matter is admitted or that an amended answer be served." Fla. R. Civ. P. 1.370(a). Subsection (b) states that any matter admitted under the rule is "exclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b). Additionally, the court may allow "withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits." *Id.* The rule provides that a court "may determine that final disposition of the request be made at a pretrial conference or at a designated time before trial." Fla. R. Civ. P. 1.370(a).

In July 2011, trial was not close and the homeowner had time to take discovery on the disputed issues in the case. *See Pelkey v. Commander Motel Corp.*, 510 So. 2d 965 (Fla. 4th DCA 1987). The admissions went to issues central to the foreclosure case and were contrary to proveable facts. "The use of admissions obtained through a technicality should not form a basis to preclude adjudication of a legitimate claim." *United Auto. Ins. Co. v. W. Hollywood Pain & Rehab. Ctr.*, 162 So. 3d 98, 100 (Fla. 4th DCA 2014). However, the propriety of the July 20, 2011 order is not the issue on this appeal.

The case was set for trial on April 2, **2014**. On the day of trial, the homeowner moved in limine seeking to exclude evidence that was contrary to the admissions established by the July 20, 2011 order. The trial judge was not the one who entered the July 20, 2011 order and he was unaware

of the technical admissions; he declined to rule on the motion in limine and the trial proceeded. During trial, the homeowner objected based on the motion in limine, but the trial court deferred ruling and asked the parties to file memoranda. The court later found that the "true facts" at trial were contrary to the admissions and ultimately entered a final judgment of foreclosure.

It was not unreasonable for the homeowner to rely on the technical admissions, given the July 20, 2011 order and two failed attempts by the bank to have the order rescinded. Rule 1.370 contemplates that, at the latest, a court would make a determination on admissions at a "pretrial conference" or "before trial." Here, the trial court's ruling came at the end of trial. Without the benefit of the admissions, the homeowner may have pursued a different trial strategy and steered a different course during discovery. For these reasons, we reverse the final judgment and remand to the circuit court for a new trial.

WARNER and LEVINE, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***