DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHERRY CLEMENS,** as Personal Representative of the Estate of **JOHN CLEMENS,** deceased,
Appellant,

v.

**PETER NAMNUM, M.D.,** individually, **PETER NAMNUM M.D., P.A.,** a Florida Professional Association, **FLORIDA HOSPITAL MEDICINE SERVICES, INC.,** a Florida Corporation, and **NORTH BROWARD HOSPITAL DISTRICT** d/b/a **BROWARD GENERAL MEDICAL CENTER,** a Florida Corporation,
Appellees.

No. 4D16-3558

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael L. Gates, Judge; L.T. Case No. 09-033813 (12).

Mario R. Giommoni and Kimberly L. Boldt of Boldt Law Firm, P.A., Boca Raton, and Robert Brown of Pennekamp Law, P.A., Miami, for appellant.

Dinah Stein of Hicks, Porter, Ebenfeld & Stein, P.A., Miami, and Rolando A. Diaz of The Diaz Law Group, Coral Gables, for Florida Hospital Medicine Services, Inc.

DAMOORGIAN, J.

Sherry Clemens, as Personal Representative of the Estate of John Clemens, appeals an order entering final summary judgment in favor of Florida Hospital Medicine Services, Inc. ("FHMS"). We reverse because the trial court erred in denying Appellant leave to amend her responses to FHMS' requests for admissions and in entering summary judgment in FHMS' favor based on the admissions Appellant sought to amend.

By way of background, Appellant sued FHMS and one of its independently contracted physicians, Dr. Peter Namnum, for medical malpractice, alleging that her husband died as the result of negligent care administered by Dr. Namnum. With respect to her negligence count against FHMS, Appellant alleged that Dr. Namnum "worked under the

scope of agency of" FHMS, that FHMS owed a duty to Appellant's husband to ensure that he "received the treatment required under the prevailing standard of care from" Dr. Namnum, that FHMS breached that duty, and that Appellant's husband died as a result of FHMS' negligence. Almost two years after initially filing her suit, Appellant moved to amend her complaint to further allege that FHMS owed her husband a duty "to exercise due care in the selection and retention of an independent contractor physician."

After the court allowed the amendment, FHMS filed a motion to dismiss wherein it argued that with the addition of the afore-quoted paragraph, Appellant was now asserting a "totally new cause of action against" FHMS for negligent credentialing. FHMS maintained that this "newly pled" claim did not relate back to Appellant's previously pled agency claim and was, therefore, time barred. In reply, Appellant represented that her "initial claim against FHMS was not steeped in agency." She further represented that "a precise reading of the entirety of the allegations [in her complaint] indicates that Plaintiff has alleged direct negligence against FHMS . . . . There simply is no basis for FHMS to assert that the claim ever was for *respondeat superior.*" Appellant's counsel made similar representations at the hearing on FHMS' motion to dismiss. Ultimately, the court denied FHMS' motion.

Thereafter, the parties engaged in further discovery. As part of this process, FHMS served requests for admissions on Appellant. The requests were designed to pin down Appellant's theory of negligence against FHMS, and in that respect, asked Appellant to admit that "you are not pursuing an agency claim against FHMS based on vicarious liability for the actions of" Dr. Namnum. In response, Appellant admitted that she was not pursuing an agency claim against FHMS.

Shortly after submitting her admissions, Appellant obtained new counsel who almost immediately realized that the admission concerning Appellant's lack of agency claim against FHMS was incorrect. Appellant's new counsel then moved for leave to amend her admissions "to properly reflect the true nature of the agency claim being brought against" FHMS. FHMS opposed this motion, arguing that FHMS relied on Appellant's original responses in preparing and litigating this case. Therefore, it argued that Appellant should be estopped from changing her position mid-litigation. For the same reasons, FHMS also moved the court for an order striking the agency allegation contained in Appellant's complaint.

At the hearing on Appellant's motion, Appellant pointed out that requests to amend admissions should be liberally granted absent

prejudice to the opposing party. With respect to FHMS' prejudice argument, Appellant countered that the case was not yet set for trial and discovery was ongoing. Appellant also advised the court that she would not oppose allowing her witnesses to be re-deposed nor would she object to any additional discovery requests relevant to the agency claim. In short, Appellant argued that FHMS would suffer no prejudice were the court to grant the motion to amend.

The court denied Appellant's motion to amend her admissions and granted FHMS' motion to strike the agency paragraph contained in Appellant's negligence count against FHMS. More than three years later, FHMS moved for summary judgment on Appellant's negligence count, arguing that there was no record evidence supporting Appellant's contention that FHMS was directly negligent. Appellant conceded to the summary judgment on direct liability, but in doing so, argued that FHMS was nonetheless vicariously liable and that the court erroneously struck her agency allegation against FHMS. Based on Appellant's concession, the court entered final summary judgment in favor of FHMS. This appeal follows.

Florida Rule of Civil Procedure 1.370 governs requests for admissions and provides, in part, that "[a] party may serve upon any other party a written request for the admission of the truth of any matters within the scope of rule 1.280(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." Fla. R. Civ. P. 1.370(a). Any matter admitted under the Rule is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fla. R. Civ. P. 1.370(b). The court may allow "withdrawal or amendment when the presentation of the merits of the action will be subserved by it and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining an action or defense on the merits." *Id.* A trial court's ruling regarding a request to amend or withdraw admissions under Rule 1.370 is reviewed for an abuse of discretion. *See Chelminsky v. Branch Banking & Tr. Co.*, 184 So. 3d 1245, 1246 (Fla. 4th DCA 2016).

"This court has recognized that [Rule 1.370(b)] favors amendments to responses to ensure that a cause is decided on its merits." *Istache v. Pierre*, 876 So. 2d 1217, 1219 (Fla. 4th DCA 2004). In that vein, when an admission affecting the outcome of the case is wrongfully made as the result of a clerical error, case law makes it clear that the court should allow amendment. *Id.* at 1218–20*; see also Thomas v. Chase Manhattan Bank*, 875 So. 2d 758, 760 (Fla. 4th DCA 2004). However, when the so-called error was the result of an intentional misstep, as in the instant case,

the case law is less than scant. In different procedural contexts, however, courts usually allow an attorney to correct a legal error made by its client's prior attorney if such a correction would facilitate resolution of the matter on its merits. *See Olesh v. Greenberg*, 978 So. 2d 238, 243 (Fla. 5th DCA 2008). In the instant case, it is beyond dispute that if held to her admissions, Appellant had no cause of action against FHMS. Thus, the question for our consideration is whether the risk of prejudice to FHMS outweighed resolution of the case on its merits.

From the inception of the lawsuit, Appellant pled that Dr. Namnum "worked under the scope of agency of" FHMS. During the first two years of the litigation, FHMS understood this to mean that Appellant was alleging an agency based cause of action against FHMS. Although FHMS was later led to believe by Appellant's former counsel that Appellant was not pursuing an agency based claim, Appellant's new counsel moved to correct this misstep via amendment of her admissions in a timely fashion. Further, at the time Appellant's counsel moved for amendment, the pleadings were not closed, discovery was ongoing, and the matter was not yet set for trial. Indeed, the matter was not noticed for trial until several years later. Finally, the record establishes that at the time Appellant moved for amendment, her counsel stipulated that Appellant would respond to any additional agency discovery and would allow FHMS to re-depose any witness it wished. Under these circumstances, we hold that FHMS did not and could not establish that amendment would have resulted in undue prejudice to FHMS. *See Melody Tours, Inc. v. Granville Mkt. Letter, Inc.*, 413 So. 2d 450, 451 (Fla. 5th DCA 1982) (holding that appellee did not establish that it would have been prejudiced by appellant's amendment of admissions when the motion to amend "was made before the pleadings were closed, before the entry of a pre-trial order and before any trial date had been set").

We next address whether Appellant is estopped from asserting contrary positions during her litigation against FHMS. A key to the doctrine of estoppel is that the party being estopped from taking a contrary position actually succeeded in its former position. *McPhee v. State*, 254 So. 2d 406, 409–10 (Fla. 1st DCA 1971) (noting that "where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed, assume a contrary position" (quoting Fla. Jur. *Estoppel & Waiver* § 51)). Here, Appellant did not succeed or gain anything by her former counsel's representation that FHMS was directly, not vicariously, liable. Indeed, Appellant ultimately conceded on summary judgment that FHMS was not directly liable. Accordingly, Appellant is not estopped from seeking to amend her answers to FHMS' requests for admission.

4

Based on the foregoing, we reverse and remand with instructions to vacate the summary judgment, the order denying Appellant's motion to amend responses to FHMS' requests for admissions, and the order striking Appellant's agency paragraph, and to grant Appellant's motion for leave to amend her admissions.

*Reversed and remanded with instructions.*

WARNER and TAYLOR , JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***